CASE 99—INDICTMENT FOR MISDEMEANOR—JAN. 27, 1900.

## Standard Oil Co. v. Commonwealth.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. INDICTMENT AGAINST A CORPORATION FOR PEDDLING WITHOUT LICENSE. Under section 4219 of the Kentucky Statutes a corporation may be indicted for carrying on the business of a peddler without license, although the section seems to contemplate the issual of license to an individual.

2. SAME.—Under that section, although the license might only issue in the name of the agent, the corporation as principal would nevertheless be liable to an indictment for its violation.

Standard Oil Company v. Commonwealth.

3. PEDDLING WITHOUT LICENSE—SALES TO RETAIL MERCHANTS.—The appellant was not shown to be guilty of violating the law against peddling without license where it appeared that it had oil stored at a central point from which it delivered to retail merchants in neighboring towns oil for the purpose of resale. Such a sale is not a peddling within the meaning of the statute.

This case was argued orally by A. P. HUMPHREY for the appellant.

(No briefs in the record.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, Standard Oil Company, was indicted and convicted of peddling without license, its fine assessed at sixty dollars, and it appeals.

Appellant's counsel insists that the indictment is insufficient.

The indictment follows the statutes and is confessedly sufficient, except the charge is against a corporation who can act only by an agent, and it is argued that the offense, if committed at all, would be by the agent who actually sold the things prohibited. It is insisted that under the statute no license could issue to the corporation, as the provision is made by section 4219 Kentucky Statutes that the applicant is of good moral character, and, further, that the name, age, weight, height, color of the eyes and hair of the applicant shall be entered of record, and as it is further provided, section 4221, that the license shall not give authority to peddle to more than one person, nor shall any person so licensed sell by an agent or clerk.

It is true that the provision of the statute can not be complied with, if the license is to be issued to a corporation in its name. Indeed, a license can not be issued to a corporation to sell, except that license designate some person by name and description to sell.

We see no reason why a described and designated agent of a corporation can not be licensed. We understand appellant to contend that, as the license can only issue in the name of the agent, the indictment for selling can only be against that agent.

We are of opinion that the indictment is sufficient. It has long been settled that proprietors, as well as the clerk, would be guilty of tippling or selling whisky without a license, or of violating the Sunday laws, if the sales were made by such clerk.

The corporation may license its agent to peddle; such license would protect the corporation from indictment for sales by that agent.

We are clearly of opinion that the demurrer to the indictment was properly overruled.

On the trial it was shown in proof that appellant kept a tank at Sanders, Carroll county, containing some 20,000 gallons of oil; had a tank house and tank wagon and horses.

From Sanders the agent of appellant hauled oil in his tank wagon to Warsaw, Gallatin county, and delivered it to retail merchants, filling their tanks from which the merchants sold at retail. These wagon trips were made on regular days. There was no sale proven to have been made at all, except to a retail dealer in oils. It was shown that before these regular trips began, the agent of appellant went to Warsaw to see the retail merchants, and made arrangements for them to take oil from the tank wagon. When the wagon made its regular trip, each merchant would take such oil as he wanted or as was needed to fill his tank. Sometimes the merchant would pay the driver at the time of delivery, and sometimes he would

sign a receipt showing the amount of oil received, and pay afterwards.

It was shown that State, county and municipal taxes was paid by appellant on its tank and oil at Sanders.

The case was tried before the court without a jury, and the judge separated his findings and stated the facts as above, which we think were fairly proven. The court on this finding adjudged appellant guilty, and assessed the penalty as stated.

We are of opinion that on the facts proven and as found by the court in its conclusion, the appellant is not guilty of peddling within the meaning of the statute. Section 4218 of Kentucky Statutes provides:

"No persons shall be deemed peddlers, under sections 4216 and 4217 of this article, for selling tinware, etc., nor merchants, nor their agents for selling by sample."

The words "selling by sample" evidently mean by taking orders for future delivery, as the commercial traveler does. It is not necessary for the traveling salesman to carry with him a sample of every order he takes orders for. Indeed, he does not do this, as is well known. There are various well-known brands and kinds of staples in all lines of goods and merchandise that are so well known to the merchant that he does not care to see a sample.

So in this case it was not necessary for the agent, when the first arrangement was made for regular trips and regular delivery of oil, to exhibit a sample of oils.

The definition given as to who are peddlers, in section 4216, is: "All itinerant persons vending . . . any other thing not hereinafter specially exempt shall be deemed peddlers."

We think this statute means to sell to the public for

[39]

the purpose of consumption by it, rather than sales to a merchant for the purposes of re-sale.

If it be that the sole purpose in enacting the statute was to provide revenue for the support of the Government, that is, to make that class of articles or business pay its just proportion of expenses of government, which by the regular assessment in September of each year escapes, it still seems to us that appellant is not liable.

The itinerant person vending his goods, being here to-day and gone to-morrow, would escape taxation on the property, while the local merchant or dealer has a fixed place of business and must list his property for taxation.

To remedy this evil, as it seemed to be, this license tax was imposed on peddlers. When the sales are made to the retail merchant, who pays his taxes, the reason for the imposition of the tax or license ceases. Where the reason ceases, the law should also cease.

It is, however, shown that appellant kept stored at Sanders large quantities of oil, and paid all taxes thereon any other citizen paid on property similarly situated, but it seems to us that this question of the payment of taxes is not a controlling one, the manner of the business and the sales to merchants for re-sale not being within the prohibition of the statute against peddling.

Being of opinion that under the proof appellant is not shown to be guilty, the judgment is reversed, and cause remanded for new trial and proceedings consistent herewith.

Whole court sitting.