## Rogers v. Ramey, Insurance Commissioner.

(Decided March 6, 1923.)

## Appeal from Franklin Circuit Court.

1. Insurance—It is not Rebating for Officer of Corporation Organized for Profit to Write Insurance and Give Commissions to Corporation.—It is not rebating, contrary to the statute, for an officer of a brokerage corporation, which was organized for profit and authorized to act as agent, to write insurance in his own name as agent, but on behalf of the corporation, and to turn over to the corporation his commissions on the insurance so written.

2. Corporations—Charter Held to Authorize Brokerage Corporation to Act as Insurance Agent.—A corporation empowered by its charter to act as agent or attorney for the transaction of any business, or the management of the estates or the collection of rents, etc., and to act as agent or trustee for persons and corporations in any and all other matters which can be carried on by an agent or trustee, is empowered to act as an insurance agent.

3. Corporations—General Words Following Specific Enumeration of Powers are Restricted to Powers of Same Class.—If a charter, in defining the powers of a corporation, enumerated certain things which it may do by words of particular and specific meaning, and such enumeration is followed by general words, the general words are not to be taken in their widest sense, but are restricted to things of the same general kind as those enumerated, unless a contrary intent appears.

4. Corporations—Requirement Agent Shall be of Good Character Does not Prevent Corporation from Acting as Agent.—The requirement of the statute that an applicant for license as insurance agent shall be a person of good moral character does not prevent a corporation from acting as such agent if it acts through persons who themselves possess the character and other qualifications necessary to entitle them to a license.

5. Insurance—Agent Can Serve Two Corporations with Knowledge of Both.—An officer of a brokerage corporation can also act as agent for an insurance company, which insures property under the charge of the brokerage corporation, where he does so with the knowledge of all the parties concerned, and it will not be presumed that such officer will do otherwise.

6. Insurance—It is not Rebating for Agent to Receive Commission for Insuring Own Property.—It is not rebating, contrary to the statute, for an insurance agent to insure his own property and receive a commission for doing so, since he may pay the premium for such insurance, either by money or services, and the rule is the same whether the agent is a corporation or a natural person.

7. Insurance—Receipt by Stockholders of Portion of Insurance Commissions as Dividends Does not Show Rebating.—The fact that a portion of the commissions paid to a brokerage corporation for

writing insurance on the property under its control would be re-paid to the stockholders in the form of dividends does not show that it would be rebating to permit the corporation to act as an insurance agent, since the stockholders would receive such portion, not as a special privilege, but as part of the profits to which they were entitled on the investment of their money.

B. G. WILLIAMS and W. C. MARSHALL for appellant.

CHAS. I. DAWSON, Attorney General, and O'REAR, FOWLER & WALLACE for appellee

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment denying appellant a mandamus requiring James F. Ramey, Insurance Commissioner, to grant him a license to act as agent for the Employers Fire Insurance Company of Boston, Massachusetts.

It appears that appellant is employed by the Capital Guaranty & Brokerage Company as its secretary, and receives a salary for his services. The Capital Guaranty & Brokerage Company is a corporation with headquarters in the city of Frankfort, and among the powers conferred by its charter are the following:

"The nature of the business of said corporation and the objects and purposes to be transacted, promoted and carried on by it, shall be to buy and sell, discount and rediscount notes, drafts, bills of exchange, stocks, bonds, securities and choses in action of all kinds, both as principal and as agent; also to buy and sell liens on real and personal property and to loan money and accept as surety therefor liens on and pledges of real and personal property; to act as agent or attorney for the transaction of any business, or the management of estates or the collection of rents, accounts, interest, dividends, notes, and bonds, securities for money and demands of every kind and character; and to also act as agent or trustee for persons and corporations in any and all other matters which can be solicited, negotiated, operated and carried on by an agent or trustee; also to act as agent or broker in securing loans, effecting sales of real and personal property; to organize, finance, develop and improve business firms, partnerships and corporations."

Appellant's amended application for the license contains the following:

"I am employed by the Capital Guaranty & Brokerage Company, a Kentucky corporation, with its chief

office and place of business at Frankfort, Ky. I work on a salary basis and my employer, under the conditions of the employment, is entitled to my entire time. I propose, therefore, to write insurance on all the property of my employer, its customers, officers and stockholders and for the public generally. I propose to turn over to my employer all of the commissions, premiums or parts of premiums and profits which I may earn or which may accrue to such agency, because, as we mutually construe it, my employer is entitled to these commissions under my contract of employment. While in fact I am applying for an agent's license, the license to all intents and purposes is being issued to the Capital Guaranty & Brokerage Company, my employer. I desire to further state, however, that the Capital Guaranty & Brokerage Company is fully authorized and empowered under its charter to act as agent or attorney in any and all matters, and is therefore qualified to act as insurance agent. A copy of the articles of incorporation of the Capital Guaranty & Brokerage Company is attached hereto as a part of this statement.''

The license was refused, and the mandamus denied, on the ground that appellant's plan of doing business was violative of the statute prohibiting rebates.

The case of L. W. Botts v. J. F. Ramey, Insurance Commissioner, which was before Chief Justice Carroll on motion for an injunction restraining Ramey, as Insurance Commissioner, from revoking Botts' license to act as an insurance agent, involved a similar question. Botts, who was an officer of the Fidelity & Columbia Trust Company, wrote insurance for the general public in his own name, but accounted to the trust company for all the commissions which he received. In an opinion concurred in by three other members of the court the Chief Justice held that the Fidelity & Columbia Trust Company was authorized by its charter to act as an insurance agent, and its receipt of commissions earned by its officer was not rebating within the meaning of the statute. In the more recent case of Lyman v. Ramey, 195 Ky. 223, 242 S. W. 21, it appeared that Lyman was the secretary of the Kentucky Association of Highway Contractors, an organization that had no capital stock, was composed entirely of highway contractors and whose purposes were to promote the business interests of its members, but not to make profits for itself. Lyman was the only paid officer employed, and his salary and ex-

penses were paid by dues or assessments against members of the association. Lyman proposed to write bonds and indemnity insurance for members of the association and possibly others, and the commissions earned by him were to be turned over to the association and used to pay his salary and expenses, thus reducing the dues or assessments against the members for whom he wrote the insurance. In holding that this was a method of rebating, the court approved the ruling in the Botts case, but distinguished the two cases in the following language:

"Nor is, as counsel asserts, this conclusion inconsistent with an order of a member of this court in which three other members concurred, granting an injunction in the case of L. W. Botts v. J. F. Ramey, Insurance Commissioner, pending in the Franklin circuit court. In that case the Insurance Commissioner was threatening to cancel a license granted to Botts, an officer and employe of the Fidelity & Columbia Trust Company, who was writing insurance for members of the general public in his own name, but accounting to the trust company by whom he was employed for all commissions. That holding was based upon the ground that the trust company, organized for profit and empowered by its charter to act as insurance agent, was really the agent of the insurance companies, and writing the insurance through its agent, Botts, whereas appellant's employer is not by its charter authorized to act as such agent or permitted to earn profits.

"Hence appellant, when writing insurance as he proposes, must act for himself and not for his employer, and when he indirectly returns to those for whom he writes insurance the commissions earned by him for so doing, he is rebating, as that word is used and defined in 762a-19, *supra*."

But it is insisted that the Capital Guaranty & Brokerage Company is not authorized by its charter to act as the agent of a fire insurance company. While it is the rule that if a charter, in defining the powers of a corporation, enumerates certain things which it may do by words of particular and specific meaning, and such enumeration is followed by general words, the general words are not to be taken in their widest sense, but are restricted to things of the same general kind as those enumerated, unless a contrary intent appears. State v. Lincoln Trust Co., 144 Mo. 562, 46 S. W. 593; no such

case is here presented.  After enumerating certain other powers, the language of the charter is as follows:

"To act as agent or attorney for the transaction of any business, or the management of estates or the collection of rents, accounts, interest, dividends, notes and bonds, securities for money and demands of every kind and character; and to also act as agent or trustee for persons and corporations in any and all other matters which can be solicited, negotiated, operated and carried on by an agent or trustee."

It will thus be seen that the corporation is given specific authority not only to act as agent for the transaction of any business, but to act as agent in any and all other matters which can be carried on by an agent. Manifestly, it would do violence to the language employed to say that it was not broad enough to include the power to act as an insurance agent.

Another contention is that a corporation may not act as an insurance agent.  The basis of this contention is that the provision of the statute requiring the applicant for a license to be a person of good moral character, considered in connection with other provisions of the statute, shows that the legislature intended that only natural persons should be licensed to act as insurance agents.  In the case of William Messer Co. v. Rothstein, 129 App. Div. 215, 113 N. Y. S. 772, the fact that the statute required every plumber to have a certificate of competency was held not to preclude a corporation so authorized by its charter from carrying on the plumbing business through agents who had received the necessary certificates; and we see no reason why a corporation authorized to act as insurance agent may not do so through a person who possesses the moral character and other qualifications necessary to entitle him to a license.

But it is said that appellant, who is the agent of the insurance company and also the agent of the Capital Guaranty & Brokerage Company, cannot serve two masters whose interests are conflicting.  Ordinarily, of course, an agent is not authorized to write a policy on his own property or property of a corporation of which he is an officer and stockholder, Zimmerman v. Dwelling House Ins. Co., 110 Mich. 399, 68 N. W. 215, 33 L. R. A. 698; Arispe Mercantile Co. v. Capital Ins. Co., 133 Ia. 272, 110 N. W. 593, 12 Ann. Cas. 93, 9 L. R. A. (N. S.) 1084, 14 R. C. L. 873, but the rule does not apply where,

as is generally the case, the agent acts by the authority, or with the knowledge of all the parties concerned, and we shall not indulge the presumption that appellant will do otherwise.

It remains to determine whether the proposed plan amounts to rebating. In support of the affirmative, it is argued that as appellant will insure the property of the Capital Guaranty & Brokerage Company, and that company will receive all the commissions earned by appellant, and the stockholders of the company whose property is insured will get back a portion of their premiums by way of dividends, the necessary result will be that both the company and the stockholders will obtain their insurance at less rates than others are charged. The fact that an agent who insures his own property with his principal's consent receives a commission on the premium paid is not rebating, for he may pay the premium either in money or services, and the rule is the same whether the agent be a corporation or a natural person. Nor does the stockholder whose property is insured receive a rebate within the meaning of the statute. It is true that the corporation receives a portion of the premium as its commission, and in this way the stockholder may get back a portion of his premium in the form of a dividend, but, in that event, he will receive such portion of the premium not as a gratuity or special privilege, but as a part of the profits which he is entitled to receive in return for the money which he has invested in the capital stock.

On the whole, we conclude that appellant is entitled to a license, and that the court erred in refusing the relief asked.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.