## Saufley, Insurance Commissioner, &c. v. Botts, et al.

### (Decided May 19, 1925.)

### Appeal from Franklin Circuit Court.

1. Banks and Banking—Statute Held to Empower Trust Company to Act as Insurance Agent.—Kentucky Statutes, section 606, relating to powers of trust companies, held sufficiently comprehensive to include power to act as insurance agent.

2. Insurance—Trust Company Not Prevented from Acting as Insurance Agent Because of Dual Agency.—Trust company could not be denied license to conduct an insurance agency because, in insuring property held by it in trust for wards under disability, it would be acting as agent for two principals, where inurance company had knowledge of the practice, as injury to ward could only result from some wrongful act, which would be cognizable in a court of equity.

3. Insurance—Trust Company Not Prevented from Acting as Insurance Agent Because Stock Held Under Trust Agreement with Stock of National Bank.—Trust company could not be denied license to conduct an insurance agency because its stock was held under a trust agreement with stock of a national bank which was prohibited by Act December 23, 1913, section 13, as amended Act September 7, 1916 (Comp. Statutes, section 9796), from carrying on an insurance business.

T. B. McGREGOR, Attorney General, O'REAR, FOWLER & WALLACE and BLAKEY, DAVIS & LEWIS for appellant.

TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On the 26th of February, 1923, L. W. Botts and the Fidelity & Columbia Trust Co., hereinafter called the "Trust Company" filed suit in the Franklin circuit court against James F. Ramey, insurance commissioner of Kentucky, for a mandatory injunction requiring him to issue to Botts a renewal of the license under which he was then acting as agent for the Fireman's Insurance Company of Newark, N. J., hereinafter called "The Insurance Company."

The trust company is a corporation created and organized as such under the laws of this state, and Botts is its president and chief officer, and has been such officer during all the time mentioned.

It is averred in the petition that Botts had been acting as agent for the insurance company for a period of three years under a license first issued in March, 1920, and renewed annually thereafter by the defendant; that in the former applications for his license it was avowed that it was the purpose of Botts "to conduct his insurance agency under the name of the Fidelity & Columbia Insurance Agency, for the sole and exclusive benefit of the plaintiff, Fidelity & Columbia Trust Co.," which is entitled to all of the commissions and profits accruing to said Botts in the conduct of his agency under the license issued to him by defendant and renewed from time to time as above stated, which is still the fact; that in an action between the same parties filed in March, 1920, to restrain the defendant from revoking the license issued to plaintiff for that year judgment was rendered in plaintiff's favor and this is voluminously pleaded as *res judicata.*

The answer presented several grounds in avoidance of the plea of *res judicata,* and urge affirmatively that plaintiffs are not entitled to a renewal of the license for the reasons: (1) That the trust company by reason of its methods in handling estates committed to its care, in the amount of insurance placed therein, and in other respects, is not a person of good moral character or a proper person to be licensed as an insurance agent. (2) The trust company is organized for the purpose of operating a trust company, and under the laws of the state applicable thereto has no right or power to act as an insurance agent. (3) The trust company cannot act as an insurance agent in insuring the property held by it in trust for wards under disability, because it would thereby be guilty of the wrong of attempting to act as agent for two principals dealing with each other, without the consent of both of these principals. (4) The stock of the trust company is held under a trust agreement with the stock of the Citizens Union National Bank and, therefore, it is prohibited from carrying on an insurance business because of the national banking laws. (5) The law contemplates insurance agents shall be natural persons and, therefore, a trust company as a corporation cannot act as such. A demurrer was sustained to the answer and judgment entered granting a mandatory injunction in accordance with the prayer of the petition.

The defendant appeals and raises the same questions in this court.

Ramey has retired from office since the rendition of the judgment and the action has been revived in the name of his successor, now S. M. Saufley, the present insurance commissioner; also a motion to dismiss the appeal has been made in this court and withdrawn.

It appears that in the former action a temporary injunction was granted in the Franklin circuit court restraining appellant from revoking the license to Botts. Motion was made before a member of this court (Chief Justice Carroll) to dissolve that injunction and refused. On the return of the case to the lower court the temporary injunction was made permanent and no appeal taken from the final judgment.

We have reached the conclusion that the judgment in this case may be affirmed without reference to the plea of *res judicata,* and it is unnecessary to determine what, if any, distinctions may be drawn between the two actions. This does not, however, preclude a reference to the ruling in that case on the question of *stare decisis.*

In overruling the motion to dismiss the injunction, Chief Justice Carroll, with the concurrence of three other justices wrote:

"Under the statute a trust company may act as an insurance agent, and it is not unlawful for it when so acting to solicit or issue policies of insurance on the property under its control in a fiduciary capacity, or on the property of its stockholders or officers."

While not a formal opinion of the court, it expressed the views of a majority of the members of the court, and since has been recognized and approved in Layman v. Ramey, 195 Ky. 223, and Rogers v. Ramey, 198 Ky. 141.

In the Lyman case the court held that a certain method of doing business constituted rebating, but in doing so it referred to the opinion by Judge Carroll and carefully distinguished between the two, thus recognizing and approving Judge Carroll's ruling in this matter.

In the Rogers case the plaintiff sought a mandamus to compel the insurance commissioner to issue to him a license to act as agent for a fire insurance company. He

was employed by the Capital Guaranty & Brokerage Company, a corporation organized under the general law, but whose charter contained provisions similar to those expressed in section 606 of Kentucky Statutes, applying to trust companies. That corporation was organized for profit and plaintiff was employed on a salary, the entire commissions earned on the insurance agency being paid to the corporation.

In that case it was clearly held (a) that a corporation may act as an insurance agent; (b) that in so doing it may insure the property of its stockholders, and this will not constitute rebating; (c) that a corporation authorized to act as an insurance agent may do so through a person who possesses the moral character and other qualifications necessary to entitle him to a license, the following reference being made to Judge Carroll's ruling:

"The case of L. W. Botts v. J. F. Ramey, insurance commissioner, which was before Chief Justice Carroll on motion for an injunction restraining Ramey, as insurance commissioner, from revoking Botts' license to act as an insurance agent, involved a similar question. Botts, who was an officer of the Fidelity & Columbia Trust Co., wrote insurance for the general public in his own name, but accounted to the trust company for all of the commissions which he received. In an opinion concurred in by three other members of the court, the Chief Justice held that the Fidelity & Columbia Trust Company was authorized by its charter to act as an insurance agent, and its receipt of commissions earned by its officers was not rebating within the meaning of the statute."

The powers of a trust company are enumerated in section 606, Kentucky Statutes, which reads:

"Any trust company organized under this article may be appointed and act as guardian of infants, executors, administrators or curators of estates of decedents, committee of persons of unsound mind, receiver or trustee for persons or estates; and may act as agent or attorney for the transaction of any business or the management of estates, the collection of rents, accounts, interest,

dividends, notes, bonds, securities for money and debts, and demands of every character; may receive on deposit and for safekeeping, gold, silver, jewelry, money and other personal property of every kind, and shall have a lien upon all personal property deposited with it for its charges.''

It will be noted that this section is divided into three parts separated by semicolons. The first authorizes it to act as a fiduciary in the instances named. The second to act as agent generally. The third to act as bailee in certain cases. Naturally the second division extends its powers beyond the specific objects mentioned in the other two. The words ''and may act as agent or attorney for the transaction of any business'' are comprehensive; while followed by the words ''or the management of estates,'' etc., their use indicates that it was intended to give such corporations general authority to act as agent or attorney in matters aside from those specifically mentioned. If, instead of appearing at the beginning of that division the quoted words had appeared at its end, there could be no doubt that such was the legislative intent. As it is, the order of their appearance is immaterial, as it clearly appears that they were intended to enlarge the specific power granted. So considered the language was sufficiently comprehensive to include the power to act as insurance agent. Such was the effect of Judge Carroll's opinion; and under a similar charter provision in the Rogers case, *supra,* the court reached the same conclusion. It is suggested that the chapter construed in the last case was that of a corporation organized under the general law, while trust companies are organized under the chapter relating alone to banks and trust companies, and the various provisions therein should be restricted to matters appertaining thereto. However the authority to act as agent is a mere delegation of power and may be conferred upon trust companies generally under the section quoted, and also upon other corporations organized under the general provisions of the act, and when similar language is used in each, the same construction applies to both.

The holding in the Rogers case, that a corporation as agent may insure its stockholders, was based on the familiar principle that the rule of dual agency does not apply when the agent acts by the authority or with the approval of all the parties, and that it will not be pre-

sumed that the agent will act otherwise. In brief appellant admits that the same principle could be extended to the issual of policies to ordinary *cestui que trusts* as well as to stockholders, but contends that wards under disability could not consent, and as to them the rule as to dual agency should be strictly applied.

Considering this feature, it is clear that the insurance company has knowledge of the practice and cannot complain. The rates are fixed by law and no bargaining enters into the contract, so that the wards cannot be injured in this respect. The statute provides for the revocation of an agents' license if he overinsures property, and such conduct would also create a liability to his ward. It is not intimated that appellee will act as adjuster or have any part on behalf of the insurance company in the adjustment of losses. So that in this instance, injury to the ward from dual agency could only result from some wrongful act, for which it would be cognizable in a court of equity. But the commissioner could hardly presume that it will be guilty of such conduct, and base that as a reason why it is not a proper person to be licensed as an insurance agent.

As to the fourth complaint, appellant contends that under section 13 of the Act of December 23, 1913, as amended by the Act of September 7, 1916, 39 Statute Law, 752, national banks in cities having a population not exceeding five thousand may act as agent for life, fire or other insurance companies and cites authority to the effect that the provisions of the act are restricted to the class of banks named therein, and that no others can act as such agent, and that by reason of the trust companies' connection with a bank that is unauthorized to transact such business the license should be refused. On the other hand, appellees contend that the same power exercised by trust companies is extended to all national banks under chapter 177, section 2, subsection "K" U. S. Statutes at Large, Vol. 40. It is unnecessary for us to construe those acts, as the bank is making no application for a license. The fact that under a voting arrangement its directorate may be selected by the same persons who select the directorate for the trust company, and that a large number of stockholders of each corporation own stock in both corporations, does not of itself constitute the trust company a person not of good character.

Each of the institutions is a separate entity; the business of each is conducted by its own directorate, and the charter of each is to be construed according to its own terms. Cases might arise in which a person by reason of his connection with other parties might be unfit to be licensed as an insurance agent, though himself a proper person, but no reason is shown for the application of that principle in this case.

Perceiving no error judgment is affirmed.

Whole court sitting.