## Saufley, Insurance Commissioner v. Smith, et al.

(Decided May 19, 1925.)

### Appeal from Franklin Circuit Court.

Insurance—Secretary to Bankers' Association Held Not Disqualified from Receiving License as Insurance Agent.—Secretary of bankers' association, which pays him salary and part of office expense based on amount of time devoted to his secretarial work and permitting him to take over an insurance business, bulk of which was with association's members, held not disqualified from receiving a license as insurance agent, on theory that members would receive a rebate on their premiums through abatement in secretary's salary.

T. B. McGREGOR, Attorney General, O'REAR, FOWLER & WALLACE and BLAKEY, DAVIS & LEWIS for appellant.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The Kentucky Bankers' Association is a nonprofit sharing corporation, organized thirty years ago, for the

purpose of standardizing and developing the business of its members along ethical lines. It has no capital stock and originally all of its expenses were paid out of the membership dues which amounted to about $6,000.00 per year. In the conduct of its affairs it has always required a secretary, but its business was not sufficient to occupy more than one-third of the time of a capable man. For a number of years it employed as secretary a person engaged in some other pursuit who could spare a part of his time to its business, and paid such officer a salary of $1,200.00 per annum. Later it acquired agencies for the sale of adding machines, bank directories and fidelity bonds. This business was conducted by its secretary, who was licensed as agent for the insurance company, but for the benefit of the association. The association receiving all commissions and paying him an increased salary. Appellee Smith was employed as secretary in 1919. In the meantime the association had dropped all its agencies except the insurance business. Smith developed this materially and his salary was increased to $4,000.00. Upon a rendition of the decision in Lyman v. Ramey, 195 Ky. 223, the association concluded that the arrangement between it and its secretary was probably illegal, and in order to conform to the law as laid down in that opinion, retired from the insurance business and entered into an agreement with Smith to employ him to do its official work at a salary of $1,200.00 per annum, it being contemplated that he would continue in the insurance work on his own responsibility. It was also understood that the company would pay a part of the office expense, including stenographic fees, based on the amount of time Smith gave to his secretarial work.

In this action Smith seeks a mandatory injunction requiring the insurance commissioner of this state to issue to him a license to act as agent for the same insurance company. It is admitted that he is a person of good moral character, and the only question is as to whether under the facts stated he will hold himself out in good faith as an insurance agent.

Out of the 600 banks in this state 588 are members of the association, and it is admitted that the bulk of the business transacted by Smith has been derived from its members, although not over one-third of those members are insured with this agency, and he states that it is his purpose to do a general insurance business in the future.

It is argued that from the relation of the parties the court may imply an understanding that the association members will patronize Smith and thus procure for him sufficient business to justify his acceptance of the salary named. That but for this arrangement membership dues would be raised to pay his salary, and while paying full premiums on their insurance they will thus receive an abatement in his salary that is in every respect similar to a rebate on their premiums, and in effect the same result is reached as that condemned in the Lyman case. It must be observed, however, that Smith is undertaking the insurance business on his own responsibility. If he fails in that business the association is not affected by his failure. If he is successful and triples his insurance business the association is still unaffected. No promises or obligations have been assumed except as to the payment of his salary. Certainly an arrangement such as this could have been made with a business or professional man who could spare a portion of his time, nor can it be doubted that it could be made with any other reputable insurance man, whether he had a developed business or not. But it is argued that in this instance the association is surrendering to Smith a business that is already built up and established and that, therefore, this contract is to be distinguished from one made with a party with whom it had no former connection. We do not so understand it. It is not claimed that the association has not in good faith retired from the insurance field. Of course in the future it might employ another secretary engaged either in or out of the insurance business, but that does not mean that it carries the insurance business with it. The evidence shows that not over one-third of its members have insurance with it and there is nothing to indicate that the corporation as such has promised this or any other business to Smith. Naturally his acquaintance being with that body of men he would hope to have their good will, whether he accepted the position of secretary or not. In the final analysis it reaches the question of whether Smith can properly accept the office of secretary under the circumstances named. We do not think that such relationship disqualifies him from receiving a license as an insurance agent.

Such being the opinion of the lower court, the judgment is affirmed.

Whole court sitting.