## Saufley, Insurance Commissioner v. Lincoln Bank & Trust Company.

(Decided September 29, 1925.)

### Appeal from Franklin Circuit Court.

Banks and Banking—Combined Bank and Trust Company Held Entitled to Act as Insurance Agent.—Combined bank and trust company, possessing all powers usually granted to trust companies, held entitled to require insurance commissioner to issue to it a license as agent for companies engaged in writing insurance contracts and to solicit writing of such contracts, in view of Ky. Stats., sections 606 and 612a.

FRANK E. DAUGHERTY, Attorney General, O'REAR, FOWLER & WALLACE and BLAKEY, DAVIS & LEWIS for appellant.

W. PRATT DALE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The right of a bank and trust company to act as agent for insurance companies and to solicit the writing of contracts of insurance, is involved in this litigation. The appellee, Lincoln Bank & Trust Company, is a corporation organized under the laws of the state of Kentucky, possessing all the powers usually incident to such companies. It applied to the commissioner of insurance for a license to act as agent for several insurance companies, but the license was refused because the appellant was a corporation. By section 612a, Kentucky Statutes, provision is made for the organization of a combined bank and trust company, with power to conduct both a banking business and a trust company business. Section 606 of the same chapter empowers trust companies organized under the state law to act in a fiduciary capacity as guardian, executor, administrator or curator of the estates of decedents, committee of persons of unsound mind, receiver or trustee of persons or estates. That section then provides that such trust company may act as agent or attorney for the transaction of any business or the management of estates, the collection of rents, accounts, interests, dividends, notes, bonds, securities for money and debts and demands of every character.

The question presented by this appeal resolves itself into whether a corporation, such as this bank and trust company, may act as agent for companies engaged in

writing insurance contracts and solicit the writing of such contracts. This precise question has been before this court in a number of cases and seems now to be well settled. The most recent utterance of the court upon that subject is the opinion in the case of Saufley, Insurance Commissioner v. Botts, and the Fidelity & Columbia Trust Company, 209 Ky. 137. There we reviewed the authorities and held that a trust company was entitled to act as agent for corporations engaged in writing insurance and to solicit such business as agent and to write such contracts; and that the commissioner of insurance was in error in refusing to issue to the Fidelity & Columbia Trust Company a license as insurance agent, as provided by law, and ordered that he immediately do so. The only difference between that case and this one is, that here the applicant for the license is a combined bank and trust company, while in that case a trust company alone applied for the license. However, we can perceive no substantial difference between the legal attitude of the two applicants with respect to agency, and conclude that under sections 606 and 612a, Kentucky Statutes, a combined bank and trust company, possessing all the powers usually granted to trust companies, may with equal reason require the insurance commissioner to issue to it a license as insurance agent. Rogers v. Ramey, 198 Ky. 138; Lyman v. Ramey, 195 Ky. 223.

The lower court granted appellee, Lincoln Bank & Trust Company, a mandatory injunction requiring Saufley as commissioner of insurance, to issue to it a license to act as agent for three insurance companies, one fire, one casualty and one fidelity. On the authority of the opinions to which we have referred, that judgment is affirmed.

Judgment affirmed.