James N. Tardy Company et al. v. Board of Insurance Commissioners.

No. 5682. Decided June 10, 1931.
(39 S. W., 2d Series, 848.)

592

*Burgess, Burgess, Chrestman & Brundidge,* for relators.

*Robt. Lee Bobbitt,* formerly Attorney General, and *W. Dewey Lawrence,* formerly Asst. Atty. Gen., for respondents.

MR. COMMISSIONER LEDDY delivered the opinion of the court.

If a corporation, with a sufficiently comprehensive purpose clause, is entitled, under the laws of this state, to be licensed as an agent for an insurance company, writing fire, marine and casualty insurance, the writ of mandamus prayed for must be awarded, otherwise it should be denied.

Relators insist that in the absence of a statute specifically prohibiting a corporation from being licensed to act as an agent for a fire, marine, or casualty insurance company the board of insurance commissioners was not justified in arbitrarily refusing the license applied for on the sole ground that the agent sought to be licensed was a corporation.

Respondent concedes that relator James N. Tardy Company's charter is broad enough to authorize it to act as an insurance agent, but insists that the desired license was properly denied by it because a corporation is prohibited by law, other than that authorizing its creation, from acting as agent for any insurance company and for the further reason that there is vested in respondent a discretionary duty to determine whether a person seeking to act as agent for an insurance company is possessed of good moral character, hence mandamus will not lie to coerce the performance of such duty.

There is no foundation for the latter contention as it affirmatively appears from the record in this case that respondent did not base the refusal of a license to relators upon the exercise by it of the discretion vested by law to determine whether the person through whom the corporation would act in the event of the issuance of the license, was possessed of good moral character. The record shows without dispute that the sole ground for the denial of the license was the fact that it construed the law of this state as prohibiting a corporation from acting as agent for a fire, marine and casualty insurance company.

If the pleadings in this case had disclosed the fact that the denial of the license applied for was based upon the exercise of respondent's judgment as to the moral qualifications of the agent through whom the

corporation proposed to solicit insurance, then an altogether different situation would be presented. Under such circumstances we would not be authorized to award the writ prayed for unless it was clearly made to appear that the action of respondent was either arbitrary or capricious.

In the present state of the record the action of respondent can only be upheld by determining that the reason assigned by it for the refusal of the license sought is legally a sound one. This brings us to a consideration of the real question involved: Is a corporation, possessing sufficiently broad charter powers, entitled under the laws of this state to be licensed as an agent for a company writing fire, marine and casualty insurance?

At the outset it may be said that the rule seems to be well settled that a corporation, so authorized by its charter, is entitled to act as agent for an insurance company unless specifically prohibied by statute. Saufley v. Smith, 209 Ky., 134, 272 S. W., 379; Saufley v. Lincoln Bank & Trust Co., 210 Ky., 346, 275 S. W., 802; Wm. Messer Co. v. Rothstein, 113 N. Y. Supp., 722, 129 N. Y. App. Div., 215; Crall & Ostranger v. Commissioners, 103 Va., 855, 49 S. E., 638; Standard Oil Co. v. Commissioners, 107 Ky., 606, 55 S. W., 8; Rogers v. Ramey, 198 Ky., 138, 248 S. W., 254; Wm. Penn Motor Indemnity Exc. v. Haddad, 86 Pa. Sup. Ct., 307; Fletcher on Corp., vol. 2, p. 1791, sec. 819; Couch's Encyclopedia of Insurance, vol. 2, sec. 487.

The author of Couch's Encyclopedia of Insurance, vol. 2, sec. 487, after reviewing the authorities on the question as to whether a corporation is entitled to a license to act as agent for an insurance company, arrives at the following conclusion: "Thus it is apparent that in the absence of statutory restriction a corporation may act as an insurance agent, provided such an activity is within the scope of its corporate powers."

In Fletcher on Corporations, vol. 2, p. 1791, sec. 19, the author thus states the rule on the subject: "The fact that a business or trade cannot be carried on without first obtaining a license does not preclude a corporation from engaging in such business or trade. Thus a corporation may conduct the trade of a plumber although a license is required."

The Legislature of this state has never passed a statute which in terms specifically prohibited a corporation from acting as agent for a fire, marine, or casualty insurance company. It did, however, in 1909, enact a statute with reference to corporations acting as agents for life insurance companies. This statute has remained on the books continuously since its passage and is now article 5064, R. S., 1925. It in terms expressly declares that "No corporation or stock company shall be licensed or granted a certificate of authority as the agent or representative of any *life insurance company* in soliciting, selling or in any manner placing life insurance policies or contracts in the state."

It thus appears that the Legislature has adopted a statute expressly

prohibiting a corporation from acting as an agent for a life insurance company and has failed to adopt a similar one with reference to other insurance companies. The question is naturally suggested that if it was within the legislative contemplation a corporation should not be licensed to act as agent for any character of insurance company why the law making body has not so declared in terms as explicit as those used to prevent corporations from acting as agents for life insurance companies.

It seems that various insurance commissioners and attorneys general for a long period of years construed the issurance laws as prohibiting not only the licensing of a corporation to act as an agent for a life insurance company, but also from being licensed as an agent for any other insurance company.

This long continued construction of the insurance laws by those charged with the duty of their enforcement was not without substantial basis during the period it covered. In 1909 the legislature adopted what was article 4955 (Rev. Stat., 1911), prior to the codification of 1925. It provided: "All the provisions of the laws of this state applicable to the *life,* fire, marine, inland, lightning or tornado insurance companies, shall, so far as the same are applicable, *govern and apply to all companies transacting any other kind of insurance business* in this state, so far as they are not in conflict with provisions of law made especially applicable thereto."

Evidently the departmental construction aforesaid was based upon the fact that article 5064, which applies expressly only to life insurance companies, by virtue of the provisions of article 4955 was made applicable to all companies writing any other character of insurance. It is needless for us to determine whether this departmental construction was a proper interpretation of these statutes prior to 1925 as article 4955 was repealed by being omitted from the codification of 1925. The question under consideration must therefore be determined without the aid of the provisions of the repealed article. The repeal of this article, however, is not without significance, as it tends to throw some light upon the legislative intent on the question under consideration. If its effect while a part of the statutes of this state was to make applicable to all other insurance companies the prohibition contained in article 5064, then its repeal must necessarily reveal an intent on the part of the Legislature to abandon the policy of prohibiting corporations from acting as agents for any insurance companies other than those engaged in writing life insurance unless such a prohibition may be found in other portions of the statutes.

Respondent insists that there is an implied prohibition against a corporation acting as agent for a fire, marine, or casualty insurance company because in the statute making provision for license the word "person" is used. This circumstance is of little weight when we consider the declaration of our code to the effect that the word "person" includes corporations,

unless a different meaning is apparent from the context in which it is used. Article 23, R. S., 1925.

It is also argued by respondent that it is apparent only natural persons were intended to act as agents for insurance companies because of the provision that the person applying for a license must be determined to be of good moral character before the license may be issued, and that this condition is impossible of fulfillment as it cannot be literally complied with by a corporation.

Courts of other jurisdiction have found little difficulty in answering such an objection. It is thus solved by Fletcher on Corporations, vol. 2, p. 1791, sec. 819:

"The fact that a business or trade cannot be carried on without first obtaining a license does not preclude a corporation from engaging in such business or trade. Thus a corporation may conduct the trade of a plumber, although license is required.

"It has been held also that while a license cannot issue to a corporation as such, it is competent for the corporation to take out a license in the name of a designated agent or employee, or agents or employees, and the latter may lawfully act in pursuance of the license. Crall & Ostranger v. Commissioner, 103 W. Va., 855, 49 S. E., 638. This rule has been applied to a license to peddle. Standard Oil Co. v. Commissioner, 107 Ky., 606, 55 S. W., 8."

In the case of Rogers v. Ramey, 198 Ky., 138, 248 S. W., 254, the Supreme Court of Kentucky, in denying a similar contention, held that a corporation, authorized to act as an insurance agent, might do so through a person who possessed a good moral character and other qualifications necessary to entitle him to a license.

In the case of Wm. Messer Co. v. Rothstein, cited supra, the statute of New York required each plumber to have a certificate of competency. This was held not to preclude a corporation so authorized by the its charter from carrying on the plumbing business through agents who had received the necessary certificates.

It is true relator is an artificial person incapable of establishing a moral character. It is likewise true that it cannot solicit a policy of insurance except through the action of some person and such person may be required by respondent to possess the qualifications required by the laws of this state.

In the statute designed to prohibit rebating upon the part of agents of insurance companies (article 5060, R. S., 1925), there is an express recognition of the rights of a corporation to act as agent of a fire, marine, and casualty insurance company. Such recognition is given in the declaration that "any person, agent, firm or *corporation licensed by the Commissioner to act as a fire and marine, etc., insurance agent* in the State of Texas is hereby prohibited from paying directly or indirectly any com-

mission," etc. The declaration thus made is only consistent with a policy which would permit a corporation to act as an agent for the companies named therein.

Another circumstance which we think is somewhat persuasive of the policy of the lawmaking body of this state in reference to corporations acting as agents for insurance companies other than those writing life insurance is its lack of action since the repeal of article 4955. Before this article was repealed in 1925, the Legislature knew the insurance department of this state had construed the same as preventing the issuance of a license to a corporation to act as the agent for any character of insurance company. After the repeal of such statute it was also charged with knowledge of the fact that the insurance commissioner of this state had adopted the policy of issuing licenses to corporations to act as agents for all insurance companies, except life, upon the theory that the legislative policy had been changed in this respect by the repeal of article 4955. After such construction had been placed upon its action by those charged with the enforcement of the insurance laws during the years 1928 and 1929 the Legislature met in regular session in 1929 but passed no act covering this subject. It is therefore reasonable to infer a conclusion upon the part of the Legislature that its intention in repealing said article had been properly interpreted by the insurance department.

Our conclusion is that whatever may have been the status of the insurance laws prior to 1925, the statutes of this state do not now contain any prohibition against relator being licensed to act as an agent for a fire, marine, or casualty insurance company, hence respondent should have granted the license requested by the Commercial Standard Insurance Company for relator James N. Tardy Company, to act as its agent in this state. We conclude, however, that respondent properly refused to issue to the last named company a license to act as agent for the Tokio Fire Insurance Company because it appears from respondent's answer that the latter company has, in writing, withdrawn its application for said company to act as such agent.

We therefore recommend that the writ of mandamus issue requiring respondent to issue the license as applied for to James N. Tardy Company to act as agent for the Commercial Standard Insurance Company, and to such agents of said company as may possess the necessary statutory qualifications.

Opinion of the Commission of Appeals adopted and mandamus awarded.

C. M. CURETON, Chief Justice.