

# THE ATTORNEY GENERAL

# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*Superseded by Art 29d VCS*

June 24, 1950

Hon. John Ben Shepperd  
Secretary of State  
Austin, Texas

Dear Mr. Shepperd:

Opinion No. V-1075.

Re: The legality of chartering a  
corporation whose purpose  
clause is, "To act as agent  
for the performance of any  
lawful act."

You request an opinion of this office as to whether or not you are authorized under Section 49 of Article 1302, V.C.S., to approve a charter which has for its purpose: "To act as agent for the performance of any lawful act."

The creation of corporations and the power they shall possess are governed by the Constitution and statutes. The Texas Constitution, Sections 1 and 2, Article XII, forbids the creation of corporations "except by general law" and directs the Legislature "to enact general laws . . . for the creation of private corporations."

Pursuant to this constitutional mandate the Legislature has provided by statute the purposes for which corporations may be created in this State. One such purpose is expressed in Section 49 of Article 1302, V.C.S., as follows: "For any one or more of the following purposes: To accumulate and lend money, purchase, sell and deal in notes, bonds and securities, but without banking and discounting privileges; to act as trustee under any lawful express trust committed to them by contract and as agent for the perform-ance of any lawful act." This purpose as now expressed in the stat-ute had its origin in C.S.S.B. No. 83, Acts 36th Leg., R.S. 1919, ch. 83, p. 134. Section 1 of this act provides as follows: "That corpo-rations may be created for any or all of the following purposes, to-wit: To accumulate and lend money, purchase, sell and deal in notes, bonds, and securities, but without banking and discounting privileges. To act as Trustee under any lawful express trust com-mitted to them by contract and as agent for the performance of any lawful act. But no corporation organized hereunder shall act as a-gent or trustee in the consolidation of or for the purpose of com-bining the assets, business, or means of any other persons, firms, corporations or associations, nor shall such corporation as agent or trustee carry on the business of another."

Section 2 of this act commits the supervision of cor-porations incorporated under the act to the Commissioner of Insur-

ance and Banking, the official who at that time had supervision of both insurance and banking, thus indicating the legislative intent as to the business characteristics of the corporations authorized to be created under the act. The 1925 codification re-enacted this corporate purpose in the language as it now appears in Article 1302, Section 49, V.C.S., which is as follows:

> "This subdivision shall embrace corporations created for any or all of the following purposes: To accumulate and lend money, purchase, sell and deal in notes, bonds, and securities, but without banking and discounting privileges; and to act as trustee under any lawful express trust committed to them by contract and as agent for the performance of any lawful act. No such corporation shall act as agent or trustee in the consolidation of or for the purpose of combining the assets, business or means of any other persons, firms, associations or corporations, nor shall such corporation as agent or trustee carry on the business of another. No such corporation shall be authorized to engage in or carry on any such business unless it shall have an actual paid in capital of not less than ten thousand dollars."

The only difference noted in the two acts is that the purpose clause as expressed in the 1919 original act separates the purposes into two sentences, and the 1925 codification expresses the purpose in one sentence and uses a semicolon instead of a period after the phrase "but without banking and discounting privileges" and before "to act as trustee under any lawful express trust committed to them." This difference, however, is without significance, for we think the scope and purpose of the act in defining the character of corporations to be organized thereunder to be the same. The supervision and control of such corporations is by the 1925 codification committed to the Banking Commissioner, insurance and banking supervision having been in the meantime separated. The same corporate purpose is again repeated in S.B. No. 282, Acts 40th Leg., 1927, ch. 275, p. 414, with certain added purposes not important here. Section 1 of this act reads as follows:

> "A private corporation may be formed for any one or more of the following purposes, without banking or insurance privileges: To accumulate and loan money, to sell and deal in notes, bonds and securities; to act as Trustee under any lawful express trust committed to it by contract, and as agent for the performance of any lawful act . . . "

We find that the Legislature by S.B. No. 165, Acts 42nd Leg., R.S. 1931, ch. 164, p. 280, dealt further with corporations in-

corporated under Subdivision 49 of Article 1302, Revised Civil Statutes of Texas, 1925 (the same as now appears as Section 49, Article 1302, V.C.S.). Section 1 thereof reads as follows:

> "This Act shall embrace corporations heretofore created and hereafter created having for their purpose or purposes any or all of the powers now authorized in Subdivisions 48, 49 or 50 of Article 1302, Revised Civil Statutes of Texas, 1925, and heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Chapter 275, Senate Bill Number 232 of the General and Special Laws of the Regular Session of the 40th Legislature. No such corporation shall act as agent or trustee in the consolidation of or for the purpose of combining the assets, business or means of other persons, firms, associations or corporations, nor shall such corporation as agent or trustee carry on the business of another."

This act had for its primary purpose the further regulation of corporations theretofore and thereafter created having for their purpose or purposes any and all of the powers now authorized in Subdivision 49 of Article 1302, Revised Civil Statutes of Texas, 1925, and other subdivisions not necessary to enlarge upon here. Section 11 of this act specifically repealed Articles 1520 to 1524, inclusive, of the Revised Civil Statutes of Texas, but specifically retained the purposes of Subdivisions 48, 49 and 50 of Article 1302, Revised Civil Statutes of Texas, 1925, and enlarged the regulatory powers conferred upon the Banking Commissioner in connection with such corporations. This latter provision of Section 1 of S.B. No. 165 is now embraced in Article 1524a, V.C.S., under the heading of Corporations for Loaning Money and Dealing in Bonds and Securities without Banking and Discounting Privileges. The Legislature in specifically repealing Articles 1520-24, inclusive, of the 1925 codification, under the heading Loan and Brokerage Companies, obviously thought their retention no longer necessary, as indeed it was not, since the regulatory matters therein dealt with were now to be covered by Article 1524a, V.C.S. It is significant to note that the Legislature was careful in all of these legislative enactments to make clear that such corporations as agents and trustees were not authorized to carry on the business of another.

It is quite evident from an examination of these various statutory provisions that it was not the intent of the Legislature to authorize the creation of corporations "To act as agent for the performance of any lawful act," as a separate and independent purpose. This is merely an additional and related power which corporations authorized to be created under these various statutes might exercise. The primary purpose which the Legislature had in mind in

the enactment of these various statutes was to deal with loan and investment corporations or corporations to accumulate and loan money, to sell and deal in notes, bonds and securities, but without banking privileges. These corporations might also act as trustee and as agent for the performance of any lawful act committed to them by contract, in connection with such business.

It is quite clear that what is now Section 49 of Article 1302, V.C.S., as originally enacted and as dealt with in subsequent legislation by the various acts we have pointed out above, did not have for its purpose originally or by any subsequent treatment thereof by the Legislature to set up as a separate and distinct purpose the formation of corporations "to act as agent for the performance of any lawful act," but merely granted this as an additional or incidental power to the loan and investment business.

If we should attribute to the Legislature an intent to set up a separate and distinct purpose in the use of the language "To act as agent for the performance of any lawful act," the effect of this would be to virtually nullify and render useless all the other subdivisions of the statute specifying the particular purpose for which corporations might be created, for there is nothing inherently unlawful in any of the numerous purposes for which the Legislature has said corporations may be formed. In 10 Texas Jurisprudence 622, Corporations, Section 31, it is said:

"The proposed charter is required to state the purpose for which the corporation is formed. The main purpose of this requirement is, first, to protect the public against too great a delegation and any usurpation of power, and, second, to afford the means whereby right to a claimed power, or rightful use of an admitted power, may be tested. This should be done with sufficient clearness to enable the Secretary of State to see that the purpose specified is one provided for by the statute, and it must therefore define with certainty the scope of the business or undertaking to be pursued." Johnston v. Townsend, 103 Tex. 122, 125, 124 S.W. 417 (1910).

The Supreme Court said in the case of Smith v. Wortham, 106 Tex. 106, 157 S.W. 740 (1913):

"The statutory requirement that the 'purpose' of the corporation shall be stated in its charter was intended for the protection of the incorporators and stockholders, and the public, in order that they may be advised as to the character of its corporate activities, and to enable the state, through its proper officers, to col-

lect proper filing fees and franchise taxes, and to super-
vise and control the use and to punish the nonuse of its
franchise . . . "

You refer in your request to the case of James N. Tardy
Co. v. Tarver, 120 Tex. 591, 39 S.W.2d 848 (1931). Judge Speer
took note of this case in Opinion O-3250 and in that opinion said:

"We are not unmindful of James N. Tardy Co. v.
Tarver, 39 S. W. (2d) 848, wherein the Supreme Court
held that a corporation possessing sufficiently broad
charter powers, was entitled under the laws of this
State to be licensed as an agent for a company writing
fire, marine and casualty insurance. In that case the
extent of the corporate powers of the applicant corpo-
ration was not decided by the court -- it was not an is-
sue in the case -- for, says the opinion, 'respondent
concedes that relator James N. Tardy Company's char-
ter is broad enough to authorize it to act as an insur-
ance agent.' While Article 1520 of the Revised Civil
Statutes then in force with respect to loan and broker-
age companies contained the identical language as the
present Article 1524a of Vernon's Codification, forbid-
ding such corporations to carry on the business of an-
other, as above stated, the court did not pass upon the
charter power of the applicant, so that, whether James
N. Tardy Company was a loan and brokerage company
or not, has nothing to do with the point actually decided
by the court. The respondent may have conceded too
much in the defense of that case, but whether he did or
not, the conceded issue was not determined by the court."

Conceding, as we think we may, that the Secretary of
State should have refused the charter in the Tardy case, it was nev-
ertheless issued and the State never thereafter took affirmative ac-
tion by quo warranto to cancel it. The Supreme Court did not, there-
fore, find it necessary in the Tardy case to pass upon this collater-
al issue and did not do so. As stated by Judge Speer: "The respond-
ent may have conceded too much in the defense of that case, but
whether he did or not, the conceded issue was not determined by
the court."

You are therefore respectfully advised that it is the
opinion of this office that you are not authorized to grant a charter
which has for its sole purpose "To act as agent in the performance
of any lawful act," and should refuse to grant a charter for this pur-
pose alone.

## SUMMARY

The Secretary of State is not authorized to issue a charter under the authority of Section 49 of Article 1302, V.C.S., or any other statute, which has for its sole purpose "To act as agent in the performance of any lawful act." This is merely an added or incidental power which the corporations authorized to be chartered under that section may exercise, and is not a separate and distinct purpose within itself.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By L. P. Lollar
L. P. Lollar
Assistant

W. V. Geppert
Taxation Division

Joe R. Greenhill
First Assistant

LPL/mwb