**610**                **SUPREME COURT OF GEORGIA.**

Jones vs. The Mayor and Council of the city of Columbus.

SEABORN JONES, plaintiff in error, vs. THE MAYOR AND COUN-
CIL OF THE CITY OF COLUMBUS, defendant in error.

[1.] The title of an Act amending a former Act of the Legislature, may be·
looked to, as well as that of the original Act, to ascertain if the amending
Act has any matter different from what is expressed in the title.

[2.] A city having the right to tax slaves employed and laboring in the city, be-
longing to persons resident out of the city, may discriminate in the amount
of tax imposed on them respectively.

[3.] The Mayor and Council of the City of Columbus, have no power to impose
a tax on real estate within the city, to pay the city bonds issued to build the
Mobile and Girard Railroad, there being no Act of the Legislature authoriz-
ing it.

Illegality, from Muscogee county. Decision by Judge
WORRILL, May Term, 1858.

Seaborn Jones filed an affidavit of illegality to certain exe-
cutions, in favor of the Mayor and Council of the city of
Columbus, against him, on the grounds:

1st. That the defendant resides without the limits of the
City of Columbus, and the Act which authorizes said Coun-
cil to levy taxes on the property of citizens and residents of
said city, and the other Acts amendatory of the same, contain
matter different from their title, and are unconstitutional.

2d. That one of the executions is for tax on negroes of
defendant hired in said city, and more tax is imposed on that
kind of property belonging to non-residents, than on that of
residents within the limits of the city.

3d. That a tax is levied for the purpose of paying bonds is-
sued by the City Council of Columbus, for the building of the
Mobile and Girard Railroad, and said Council had no authori-·
ty to levy such tax according to the law.

On the hearing, the Court overruled said affidavit and or-·
dered the executions to proceed.

Whereupon, said Seaborn Jones excepted, and assigns error.

JONES & JONES, for plaintiff in error.

HINES HOLT; and THOS. SLOAN, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The plaintiff in error resides without the limits of the City of Columbus, and he insists that the existing Acts of the Legislature authorizing the Mayor and Council of that city, to raise revenues for any purpose, from the property of persons non-resident in the city, are unconstitutional, and that, therefore, the tax imposed on his property within the limits of the city, is illegal. The alleged ground of unconstitutionality is, that the Acts, so far as they impose a tax on the property of non-residents of the city, contain matter different from what is expressed in their title. The title of the Act of 1841, confines its purpose to the imposition of a special tax on the persons and property of the city of Columbus, residing and being within the same; but the Act of 27th December, 1845, according to its title, is "to raise a revenue for the City of Columbus, amendatory of the Act of 1841." The part of that Act which imposes a tax on slaves employed and laboring in the city, belonging to non-residents of the city, is repealed by the Act of 1847, which latter Act immediately imposes another, but lower tax on the same description of property. The title of the Act of 1847, is to amend the Acts of 1845, and recites the captions of both Acts. The title of the Act of 1845, recited in the caption of the amending Act of 1847, "to raise a revenue for the City of Columbus," is broad enough to admit any provision for that purpose in the body of the Act, and the addition of the words "amendatory of the Act of 1841," cannot restrict the power of the Legislature to the objects of the Act of 1841, as ex-

pressed in its title.   That Act was to impose a special tax; the Act of 1845, was to raise a revenue.   The Act to impose a special tax, it was deemed, did not go far enough, and in the title to the new Acts, the object was expressed in the broadest terms, so as to admit of any taxation by the Legislature, or of any provision to authorize taxation by the Mayor and Council of the City of Columbus, within its constitutional power to grant.

[2.] Obvious reasons, founded in a justifiable policy, may require the authorities of a city to discriminate, in imposing a tax on slaves within their jurisdiction, between the tax on slaves of resident and non-resident persons.   If they have the power of taxation, and their discretion in that respect is not limited, it cannot be interfered with, so long as they keep within the pale of the Constitution and laws.

[3.] We do not find, in any of the Acts, authority given to the Mayor and Council of the City of Columbus to levy a tax to pay bonds issued by them for building the *Mobile and Girard Railroad.*   Without the delegation of such authority, it is very certain, apart from any other consideration, that such power cannot be exercised.   The presiding Judge in the Court below, we must therefore say, erred in overruling the ground in the affidavit of illegality, which made that objection to the levying the tax.

Judgment reversed.