C. W. MILLER ET AL., APPELLEES, v. IOWA-NEBRASKA LIGHT & POWER COMPANY, APPELLANT.

FILED OCTOBER 29, 1935. No. 29360.

*Flansburg, Lee & Sheldahl,* for appellant.

*Ralph W. Slocum,* for appellees.

*William H. Wright, Attorney General,* and *Edwin Vail,* for Nebraska State Railway Commission.

*Kennedy, Holland, De Lacy & Svoboda, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an appeal from an order made by the Nebraska

state railway commission. The principal question for determination is: Does the state railway commission have jurisdiction over rural electric rates?

The parties to this proceeding are the Nebraska state railway commission (hereinafter called the commission), the Iowa-Nebraska Light & Power Company (hereinafter called the company), and a number of rural users of electric current, customers of the company, who will hereinafter be referred to as the complainants.

The complainants filed with the commission a complaint, charging that they were users of electric current, furnished by the company to their places of residence along its transmission lines, some distance outside the corporate limits of the city of Lincoln. In their application they set forth the rates which they were being charged for electric energy, and alleged that such rates were exorbitant and unreasonable, and requesting the commission to fix and determine reasonable rates for electric energy furnished them by the company. They also charged that the company, in violation of statute, was continuing to make a service charge to each of the complainants for the service rendered him, but in the guise of a so-called minimum charge.

To this complaint the company filed an answer, in which it challenged the jurisdiction of the commission over the subject of electric rural rates; admitted that it was furnishing electric energy to complainants from its transmission lines, and that the complainants resided outside of the incorporated limits of any city, town or village; denied that its rates were unreasonable or exorbitant, and denied that it was exacting a service charge in the guise of a minimum charge. To this answer the complainants filed a reply in the nature of a general denial.

After evidence had been taken on the part of the complainants, the company and complainants stipulated that the commission should determine the question of jurisdiction, and that either party might appeal from such order, to determine the jurisdiction of the commission, and if it should be finally determined that the commission had

jurisdiction, then a further hearing should be had with reference to rates. The commission entered an order that it had jurisdiction over the subject-matter, and also determined that the company, in the guise of a minimum charge, was, in fact, making a service charge to each of the complainants for the electric energy furnished him. From this order, the company has appealed.

The commission was created in 1906 by a constitutional amendment. The powers conferred on the commission by the Constitution relate solely to common carriers. It is conceded by all the parties to this proceeding that companies engaged in generating and transmitting electric energy for sale are not common carriers. It follows that, if the commission has jurisdiction over rural electric rates, it must be found in statutory provisions.

In 1923 the legislature enacted chapter 170, Laws 1923, bearing this title: "An act to provide that electric transmission lines and power companies of Nebraska shall afford and give to all persons, associations and corporations upon reasonable and equal terms, service facilities and physical connection to their lines running between cities and villages within this state, and to provide for the enforcement of the provisions of this act." The principal object and purpose of this act was to require persons, associations, companies and corporations, engaged in generating and transmitting electric current for sale in the state, to furnish physical connection between their power lines to properties near or adjacent thereto outside the limits of incorporated cities and villages. It is contended by the complainants that this act conferred jurisdiction upon the commission to fix reasonable rates to be charged to consumers of electricity for light, heat or power purposes furnished to rural consumers of electric energy. We deem it unnecessary to determine whether that act was sufficient to confer such jurisdiction upon the commission.

The 1925 session of the legislature enacted chapter 143, Laws 1925 (now sections 70-501, 70-502, Comp. St. 1929), bearing this title: "An act to amend sections 1 and 2,

chapter 170, Laws of Nebraska for 1923, relating to electric transmission lines and power companies; clothing the Nebraska state railway commission with power and authority to make findings concerning rates and service concerning electric current distributed for light, heat or power purposes from such lines or companies; and to repeal said original sections." And in the latter part of section 2 of that act it is provided: "And the Nebraska state railway commission shall, upon application of any consumer, proceed to make an investigation and hold the necessary hearings and make a finding and order as to what reasonable rates shall be charged to consumers of electricity for light, heat, or power purposes, * * * and the said railway commission shall, from time to time, make such reasonable regulations as to the service which shall be given to such consumers by such lines or companies."

The company contends that, if the provisions of the 1925 act are sufficiently broad to give the commission jurisdiction over rural electric rates, the act is unconstitutional because it violates section 14, art. III of the Constitution, which, among other things, provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." As supporting this contention the company cites *Miller v. Hurford*, 11 Neb. 377, and *State v. Tibbets*, 52 Neb. 228. An examination of those cases discloses that the titles to the amendatory acts under consideration were ones only for the amendment of certain acts or sections of previous acts. In the instant case, the title to the 1925 act is not one solely for the amendment of sections 1 and 2 of the act of 1923, but contains matter added thereto.

So far as we are aware, this court has not previously passed upon the precise question. It has, however, been before other courts of last resort. In *Jones v. Mayor and Council of Columbus*, 25 Ga. 610, it was held: "The title of an act amending a former act of the legislature may be looked to, as well as that of the original act, to ascertain if the amending act has any matter different from what is

expressed in the title." Similar rulings have been made in *Frank v. Maguire,* 201 Cal. 414, *Miller & Lux, Inc., v. Sacramento and San Joaquin Drainage District,* 182 Cal. 252, and *Andrews v. Board of Commissioners,* 7 Idaho, 453.

The applicable rule is stated in 59 C. J. 819, in this language: "Where the title of an amendatory or supplemental act sufficiently indicates the nature of the legislation in it contained, or the nature of the changes or additions by it made, it is immaterial whether or not the provisions of the act are covered by the title of the act amended or supplemented."

It has frequently been held that the object and purpose of the quoted constitutional provision was to prevent surreptitious legislation; that, under the guise of a purely amendatory act, matter not germane to the section or sections amended could not be included. The title to the 1925 act is broader than the title to the act of 1923 and is sufficient to embrace the proposition of conferring jurisdiction over rates and service concerning electric current distributed for light, heat or power to rural users thereof. We think it clear that, if the title to the 1923 act had contained the additional matter inserted in the title to the 1925 act, the legislature of 1923 might have conferred jurisdiction on the commission with reference to rates for service and furnishing electric current in rural communities, because the subject of controlling rates was germane to the general subject on which the legislature was acting. In enacting the 1925 act the legislature was clothed with power to enlarge the title to the previous act of 1923, so long as it related to the same general subject. Certainly, any one reading the title to the 1925 act would be informed that the proposed act would deal with the subject of regulating rates for electric energy in rural communities. The reason for the holding in the Nebraska cases above cited does not here exist.

The company also contends that the commission has heretofore construed the act of 1925 as not conferring jurisdiction, and that such construction by the commission

should be controlling. In case of doubtful meaning of a statute, contemporaneous construction given it by those whose duty it is to enforce it may be persuasive. However, it is also a rule that "A resort to contemporaneous construction is both unnecessary and improper where the language used is clear, or its meaning can be ascertained by the use of intrinsic aids alone." 59 C. J. 1022. We think that this rule is applicable to the present record.

We are of the view, therefore, that chapter 143, Laws 1925, does not contravene the constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in the title."

It is argued by the company that the intention of the legislature was to limit the fixing of rural rates, in any event, to those cases where a physical connection was ordered by the commission, as provided in subsections (a), (b), (c) and (d) of section 1 of the act of 1925. With this view we are unable to agree. The language of the title clearly indicates that it was the intention of the legislature to clothe the commission with power and authority to make findings concerning rates and service concerning electric current distributed for light, heat or power purposes from the lines of companies engaged either in the generating or transmitting of electric current for sale in the state for power or other purposes. The latter part of section 2 of the act above quoted, in our opinion, clearly confers upon the commission, upon application of any consumer, power to make investigation and hold the necessary hearings, and make a finding and order as to what reasonable rates should be charged to consumers of electric current for light, heat or power purposes, and, from time to time, to make such reasonable regulations as to the service which should be given to such consumer.

We therefore hold that the act of 1925 does confer upon the commission jurisdiction, upon application of consumers, to hold hearings and determine what are reasonable rates for the furnishing of electric current to rural users along the transmission lines of companies engaged

in the generation and transmission of electric current for sale.

The commission further found and determined that the company, in the guise of a minimum charge, was exacting a service charge, in violation of section 70-506, Comp. St. Supp. 1933. Said section provides, among other things, that charges for electric energy in certain designated classes shall be based solely on the amount of such energy actually furnished to the purchaser, and prohibits any service charge, but does authorize a minimum charge to be collected. Section 70-508, Comp. St. Supp. 1933, provides penalties for a violation of said section 70-506. Such sections do not purport to give to the commission any power to inflict the penalties. The act of 1925 confers upon the commission the power to regulate rates, and under that power the commission is authorized to determine whether the so-called minimum charge is reasonable. Under the stipulation of the parties, that after the determination of the question of jurisdiction a hearing should be had, we think that the commission acted prematurely in making any determination of the question of the minimum charge. No action should have been taken thereon until a full hearing was had.

It follows that the order of the commission in determining that the company was exacting a service charge for current in the guise of a minimum charge is vacated, and the order in all other respects is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.