O. G. Pierce Company, Appellant, v. Century Indemnity Company et al., Appellees.
285 N. W. 91

Filed March 31, 1939.   No. 30523.

*Beghtol, Foe & Rankin,* for appellant.

*Hall, Cline & Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

Plaintiff brings this action to recover damages, alleging in its amended petition a conspiracy, on the part of the defendants, to drive it out of business, in violation of the provisions of article 8, chapter 59, Compiled Statutes of Nebraska for 1929, entitled "Unlawful Restraint of Trade." Defendants demurred generally to the amended petition for the reason that it did not state sufficient facts to constitute a cause of action. The demurrer was sustained by the trial court, holding, in effect, that the plaintiff, as a corporation, was prohibited from acting as an agent for insurance companies, and, therefore, any damage to its business could not be recovered, since that business, itself,

was in violation of law. Plaintiff elected not to plead further, and its petition was thereupon dismissed. Plaintiff appeals to this court, assigning as error the sustaining of the demurrer and dismissing of plaintiff's petition.

The pertinent part of the provisions of article 8, ch. 59, Comp. St. 1929, applicable to plaintiff's case, may be stated in substance as follows: Section 59-806: "Every person, corporation, joint stock company, or other association engaged in business within this state, who shall enter into any contract, combination or conspiracy, or who shall give any direction or authority to do any act for the purpose of driving out of business any other person engaged therein," etc. The word "person" appearing in said section, as defined by section 59-819, Comp. St. 1929, is deemed to include corporations. The balance of section 59-806, *supra,* is in the alternative and refers to competition and underselling, as will be readily ascertained by an examination thereof. Article 8 is entitled "Unlawful Restraint of Trade" and is patterned after the antitrust laws of the federal government, i. e., the Sherman and Clayton acts, with the exception that the Nebraska law is broader and provides protection against commerce (intrastate) as such, and in addition provides that any attempt to drive another person (corporation) out of business is unlawful. The act permits more liberality in its interpretation.

Section 59-818, Comp. St. 1929, provides for damages to any corporation who shall be injured in its business or property by any other corporation by reason of anything forbidden or declared to be unlawful by the article.

The plaintiff in its reply brief states that the validity of the Junkin act, the state act in restraint of trade, cannot be presented to this court at this time, because the matter was not argued at the time the demurrer was argued. We are not favored with the motion to strike or the ruling thereon, the same not appearing in the transcript. However, the provisions of the act are sufficient to provide a cause of action for the plaintiff, if the plaintiff, as a corporation, may bring such cause of action.

We next turn our attention to the plaintiff's amended petition, the contention of appellees (defendants), and an interpretation of the statutory provisions involved under the insurance code of this state.

The demurrer of the defendants admits the truth of the allegations of plaintiff's amended petition well pleaded. Therefore, an examination thereof becomes necessary to determine whether or not it states a cause of action.

The plaintiff's amended petition alleges that it is a corporation, organized under the laws of Nebraska, and a resident thereof; that the Century Indemnity Company is organized under the laws of Connecticut; that the defendant Herbert Lindquist is a resident of Nebraska and defendant Victor R. McDonald a resident of the state of New York; that the Aetna Insurance Company is organized under the laws of Connecticut, and the Century Indemnity Company is under and controlled by the Aetna Insurance Company, and is one of the Aetna group; that plaintiff was engaged in the business of writing insurance policies in all lines of insurance, except life, *through persons who were under contract with it duly licensed under the laws of Nebraska as soliciting agents;* that the amount of business is detailed in volume and revenue; that it was a necessary part of said business that plaintiff should be permitted to become agents for insurance companies, *to act through licensed soliciting agents,* and do any and all things customary for such insurance agent to do for its customers; that on November 16, 1932, the Century Indemnity Company presented to the plaintiff a fake and fictitious claim of indebtedness; that in November, 1933, it fixed such indebtedness at $2,613.13, when, in fact, the plaintiff was not indebted to such company and refused to pay any claim. The amended petition then details eight overt acts of alleged unlawful conspiracy on the part of the defendants, and alleges that the conspiracy was secret and an unlawful combination in the form of a trust and a conspiracy in restraint of trade and commerce in the state of Nebraska, devised and carried out jointly by the defendants. The alleged overt acts con-

stituting the conspiracy will not be here set out, for the reason that if the plaintiff is not prohibited from acting as an agent for insurance companies the amended petition states a cause of action. This brings us to the defendants' contention, which may be stated concisely as follows:

A corporation cannot be licensed as an insurance agent in the state of Nebraska, and cannot indirectly do what it is prohibited by law from doing. A party, whose sole claim for damages is based on a violation of law, has no legal right that has been infringed and cannot recover, regardless of laws alleged to have been violated by defendants.

"In the exercise of its police power the state may adopt statutes for the regulation of insurance agents, and may require that any agent doing business in the state shall have a certificate or license under state authority for the transaction of such business." *In re Carlson*, 87 Cal. App. 584, 262 Pac. 792. See, also, *La Tourette v. McMaster*, 248 U. S. 465, 39 S. Ct. 160. Many other cases indicate and uphold the right of a state to regulate insurance agents.

In Nebraska the legislature in 1913 adopted an insurance code entitled "Insurance." The pertinent part of section 44-327, Comp. St. 1929, relied upon by the defendants, follows: "Every insurance soliciting agent or broker shall annually procure a license from the department of trade and commerce which shall make and keep a record thereof. Only a natural person shall be licensed as an agent or broker."

" 'Persons also are divided by the law into either natural persons or artificial. * * * Artificial are such as are created and devised by human laws, for the purposes of society and government, which are called corporations, or bodies politic.' 1 Blackstone Commentaries, 123." *Chapman v. Brewer*, 43 Neb. 890, 898, 62 N. W. 320.

Section 44-323, Comp. St. 1929, provides: "No insurance company admitted to do business in this state shall write, place or cause to be written or placed, any policy of insurance covering risks located or residing in this state, except,

through or by a duly licensed agent of such company." The plaintiff's amended petition does not allege that plaintiff, a corporation, was ever licensed as an agent, as provided for in section 44-327, *supra.* Such petition alleges that the plaintiff employed individuals *who were duly licensed soliciting agents.* Many sections of the statute under chapter 44, entitled "Insurance," are cited, and it is entirely proper to analyze such sections to arrive at the evident intent of the legislature.

Under the rule of law requiring the court to construe statutes *in pari materia* together, so as to harmonize and give effect to their various provisions, we refer to section 44-102, Comp. St. 1929, entitled "Terms Defined." The part of this section applicable follows: " 'Agent' or 'insurance agent' is a person, copartnership, corporation, attorney, board or committee duly appointed and authorized by the insurance company, to solicit applications for insurance to be known as the soliciting agent, or to solicit applications and effect insurance in the name of the company, to be known as a recording or policy writing agent, and to discharge such other duties as may be vested in, or required of, the agent of the company." In the same section, in defining "insurance broker," reference is made to a corporation "who for compensation, not being an appointed agent for the company in which insurance or re-insurance is effected, acts or aids in any manner in negotiating contracts for insurance or re-insurance or placing risks or effecting insurance or re-insurance for a party other than himself or itself." The foregoing section of the statute clearly discloses that the legislature specifically included a corporation, as well as a natural person, within the description of an insurance agent.

Section 44-307, Comp. St. 1929, under the title " 'Agent' Defined," reads: "Any person, firm or corporation in this state who shall with authority receive or receipt for any money on account of, or for any contract of insurance made by him or them, or for any such insurance company or individual aforesaid, or who shall with authority receive or

receipt for money from other persons to be transmitted to any such company or individual aforesaid for a policy or policies of insurance, or any renewal thereof, although such policy or policies of insurance may not be signed by him or them, as agent or agents of such company, or who shall in any wise make or cause to be made any contract or contracts of insurance, for or on account of such company aforesaid, shall be deemed, to all intents and purposes an 'agent' or 'agents' of such company."

Section 44-349, Comp. St. Supp. 1937 (Laws 1933, ch. 74), appearing under chapter 44, entitled "Insurance," in substance refers to sale, writing or soliciting insurance by banks, trust companies, investment companies or banks and affiliates, directed to cities of 100,000 population or over, and prohibits the sale, writing or soliciting of insurance on the part of such institutions.

"In determining the intention of the legislature, all provisions of the statute bearing upon the point in dispute should be taken into consideration and given due weight." *City of Lincoln v. Janesch,* 63 Neb. 707, 89 N. W. 280, 56 L. R. A. 762, 93 Am. St. Rep. 478; *Chilen v. Commercial Casualty Ins. Co.,* 135 Neb. 619, 283 N. W. 366.

"All statutes *in pari materia* must be taken together and construed as if they were one law." *Hendrix v. Rieman,* 6 Neb. 516; *Chilen v. Commercial Casualty Ins. Co., supra.*

"In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary and popular sense, should be taken into account, in order to determine the legislative will." *Hagenbuck v. Reed,* 3 Neb. 17; *Hansen v. Dakota County,* 135 Neb. 582, 283 N. W. 217.

"In construing a statute, it is the duty of the court to discover, if possible, the legislative intent from the language of the act and give effect thereto." *Hansen v. Dakota County, supra.*

Insurance agencies perform many functions other than

the soliciting of the business which is one factor. Other factors constitute proper coverage, adjustments of claims, assisting the insured in obtaining the lowest premium for the risk covered, the appraisal of properties for insurance purposes; the kind and nature of insurance to be had on certain coverages; the extent of the insurance, both advisory and in principle. It is obvious from a minute examination of the provisions of the statutes, as hereinbefore stated, relating to the subject of insurance, that the legislature had in mind all of such items, and made the requirement that every insurance-soliciting agent or broker should procure a license, seeking to limit the soliciting of insurance writing to a natural person. Comp. St. 1929, sec. 44-327. Such section, in and of itself, makes no other reasonable explanation of what is meant by the legislature in referring to an agent or broker, but specifically refers to a soliciting agent.

We find expression for this analysis in the case of *Rogers v. Ramey,* 198 Ky. 138, 248 S. W. 254, wherein the court stated (p. 142) : "Another contention is that a corporation may not act as an insurance agent. The basis of this contention is that the provision of the statute requiring the applicant for a license to be a person of good moral character, considered in connection with other provisions of the statute, shows that the legislature intended that only natural persons should be licensed to act as insurance agents. In the case of *William Messer Co. v. Rothstein,* 129 App. Div. 215, 113 N. Y. Supp. 772, the fact that the statute required every plumber to have a certificate of competency was held not to preclude a corporation so authorized by its charter from carrying on the plumbing business through agents who had received the necessary certificates; and we see no reason why a corporation authorized to act as an insurance agent may not do so through a person who possesses the moral character and other qualifications necessary to entitle him to a license." The case of *Saufley v. Botts,* 209 Ky. 137, 272 N. W. 408, approves *Rogers v. Ramey, supra.*

In the instant case the Century Indemnity Company had

previously recognized the plaintiff by contract as an agency of said company, and one of the allegations of plaintiff's amended petition, in referring to conspiracy, alleges in substance that the defendants, by their acts, made it impossible for the plaintiff to procure contracts with insurance companies to act as agents. The competitive feature, as provided in section 59-806, Comp. St. 1929, is likewise involved, in the true sense that insurance competition exists between the plaintiff and defendants. Insurance is, in fact, commerce. *State v. American Surety Co.,* 91 Neb. 22, 135 N. W. 365.

We have read the cases cited by the defendants, but believe that under our analysis of the statute involved, together with the law applicable thereto, the Nebraska legislature made the requirement only that corporations and copartnerships, acting as insurance agents, must transact their business through licensed soliciting agents, who are natural persons. Such a construction gives force and effect to every word and phrase of the entire chapter on insurance in regard to agents. An agent, licensed as a soliciting agent, will be accountable to the department of insurance for his acts, and the benefits of that fixed responsibility will be obtained by the individual sought to be controlled by this section of the statute.

There is no doubt, under the Nebraska law, that a copartnership or corporation is recognized as a legal entity and is a valid and proper means of combining money, property and directed energy, and our courts have generally recognized that a corporation is protected under the law in its right to engage in any lawful business. The plaintiff in this case, as an insurance agency, acted by and through natural persons, duly licensed as soliciting agents. Such persons were employed by the corporation. We cannot say that the corporation was not engaged in a lawful business, would not have the right to employ agents, and would be denied the privileges and protection under the law in this state and not be permitted to engage in business under the circumstances, as stated in the amended petition.

For the reasons given in this opinion, we believe that the district court erred in sustaining the demurrer. Its decree is hereby reversed, and the cause remanded for further proceedings.

REVERSED.