. AMERITAS LIFE INSURANCE CORP., APPELLEE, V.
M. BERRI BALKA, TAX COMMISSIONER, APPELLEE,
AND R.J. NUERNBERGER, LANCASTER COUNTY TREASURER,
AND LANCASTER COUNTY, NEBRASKA, APPELLANTS.

601 N.W. 2d 508

Filed October 15, 1999.    No. S-98-648.

Gary E. Lacey, Lancaster County Attorney, and Michael E. Thew for appellants.

Norman Krivosha and David M. Williams for appellee Ameritas Life Insurance Corp.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE

R. J. Nuernberger, Lancaster County treasurer, and Lancaster County, Nebraska, appeal the order of the district court for

Lancaster County dated April 30, 1998, granting the summary judgment motion of Ameritas Life Insurance Corp. (Ameritas), appellee, and entering orders thereon, in which the court concluded that the Employment and Investment Growth Act (the Act), Neb. Rev. Stat. § 77-4101 et seq. (Supp. 1987), did not provide for interest on personal property taxes recaptured under the Act and that therefore, Ameritas owed no such interest. For the reasons recited below, we affirm.

## STATEMENT OF FACTS

There are no factual disputes of a material nature among the parties in this case. In 1987, the Nebraska Legislature enacted L.B. 775, the Act, the goals of which were "to encourage new businesses to relocate to Nebraska, retain existing businesses and aid in their expansion, promote the creation and retention of new jobs in Nebraska, and attract and retain investment capital in the State of Nebraska." § 77-4102(2). The Act offered prescribed economic incentives, including tax benefits to businesses that made certain levels of capital investment and created certain numbers of new jobs in Nebraska. A business wishing to receive the benefits of the Act was required to apply to the Department of Revenue, detailing in the application the proposed project. If the Department of Revenue was satisfied that the application met the Act's requirements, the Tax Commissioner, on behalf of the state, would enter into an agreement with the business, which agreement described the project, the incentives available to the business, and the conditions the business was required to meet in order to receive the benefits. § 77-4104.

On September 1, 1987, Ameritas, under its former name of Bankers Life Insurance Company of Nebraska, entered into such an agreement (the Agreement) with the Department of Revenue. The specific terms of the Agreement are not relevant to the resolution of the instant appeal. In summary, the Agreement provided, inter alia, for Ameritas to invest at least $10 million and create at least 100 new jobs, in exchange for which Ameritas would receive incentives, including a personal property tax exemption on certain personal property Ameritas acquired during the 15-year period following the execution of the Agreement.

Consistent with § 77-4107, the Agreement also provided, in subsection (10), that if Ameritas did not meet its agreed-upon levels of investment and employment, all or a portion of the personal property tax exemption would be recaptured or disallowed. Subsection (10) is silent on the payment of interest.

In November or December 1992, Ameritas, recognizing that it would not meet the agreed-upon levels of development, inquired about the possibility of paying some or all of the previously exempted personal property tax. Ameritas was told, however, that the Lancaster County treasurer would not accept any such payments unless Ameritas agreed to amend the Agreement. Ameritas did not agree to an amendment.

On August 2, 1995, the Tax Commissioner notified Ameritas and Lancaster County tax officials that Ameritas had failed to meet its obligations under the Agreement and that as a result, all of the personal property taxes which had been exempted, $246,283.62, would be recaptured. On August 25, the treasurer of Lancaster County, the county where the previously exempted personal property was located, requested Ameritas pay to the county the recaptured personal property taxes in the amount noted above, together with interest computed at the rate of 14 percent per annum as of September 8. The interest which Lancaster County claimed was due was as follows:

| | |
|------|------------|
| 1988 | $ 2,560.78 |
| 1989 | $35,749.06 |
| 1990 | $28,747.06 |
| 1992 | $17,626.57 |
| 1993 | $10,311.11 |
| 1994 | $ 2,693.45 |

Although Ameritas disputed its obligation to pay interest upon the recaptured personal property taxes prior to notice of recapture, it nevertheless paid the principal amount of the recaptured personal property taxes to the Lancaster County treasurer's office. On the same day, Ameritas also posted with the Lancaster County sheriff's office a cash bond in the amount of $104,583.73, representing an amount equal to the amount of interest allegedly due by that time. Thereafter, Ameritas filed the instant declaratory judgment action, naming as parties M. Berri Balka, the then current Tax Commissioner; Nuernberger; and

Lancaster County. In its amended petition, Ameritas sought, inter alia, an order declaring that the named defendants were not entitled to retroactive interest on personal property taxes recaptured pursuant to § 77-4107.

Following the filing of cross-motions for summary judgment and an evidentiary hearing, the trial court ruled in favor of Ameritas and against Balka, Nuernberger, and Lancaster County, concluding, inter alia, that the Act did not provide for interest on recaptured personal property taxes and that recaptured personal property taxes are not "delinquent" tax payments for purposes of Neb. Rev. Stat. § 45-104.01 (Reissue 1998), which statutory section sets forth the rate of interest assessed against delinquent taxes. Ameritas' motion for summary judgment was granted, and the summary judgment motions of Balka, Nuernberger, and Lancaster County were denied and orders entered accordingly. Nuernberger and Lancaster County appealed.

## ASSIGNMENTS OF ERROR

On appeal, Nuernberger and Lancaster County claim the trial court erred in concluding that (1) personal property taxes recaptured pursuant to § 77-4107 are not subject to interest and (2) such taxes are not delinquent tax payments for purposes of § 45-104.01.

## STANDARDS OF REVIEW

A declaratory judgment action is the proper judicial proceeding to determine a party's rights and obligations under a particular statute. Neb. Rev. Stat. § 25-21,150 (Reissue 1995); *Hooper v. City of Lincoln*, 183 Neb. 591, 163 N.W.2d 117 (1968).

To the extent that an appeal calls for statutory interpretation or presents questions of law, this court must reach an independent conclusion irrespective of the determination made by the court below. *Miller v. M.F.S. York/Stormor, ante* p. 100, 595 N.W.2d 878 (1999); *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999); *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999).

## ANALYSIS

Initially, we note that Balka has not appealed the grant of Ameritas' motion for summary judgment or the denial of his

motion for summary judgment and has not submitted a brief in the instant appeal. In the instant appeal, Nuernberger and Lancaster County ask this court to construe provisions of Nebraska's tax statutes so as to permit the assessment of retroactive interest on personal property taxes recaptured pursuant to § 77-4107. This appeal is thus resolved on the basis of statutory construction. The dispositive question in this appeal is whether interest may be imposed on personal property taxes recaptured under § 77-4107. We conclude that interest may not be so imposed, and we, therefore, affirm.

■ In connection with statutory construction, in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997). We recently stated: "It is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there." *State v. Woods*, 255 Neb. 755, 764, 587 N.W.2d 122, 128 (1998). In considering the meaning of a statute, this court will, if possible, discover the legislative intent from the language of the statute and give it effect. *Cass Constr. Co. v. Brennan*, 222 Neb. 69, 382 N.W.2d 313 (1986). This court will not read a statute as if open to construction as a matter of course. *Id.*

Section 77-4107 provides, in pertinent part, as follows:

(1) If the taxpayer fails either to meet the required levels of employment or investment for the applicable project by the end of the sixth year after the end of the year the application was submitted for such project . . . all or a portion of the incentives set forth in the Employment and Investment Growth Act shall be recaptured or disallowed.

(2) The recapture or disallowance shall be as follows:

(a) In the case of a taxpayer who failed to meet the required levels within the required time period, all reduction in the personal property tax because of the Employment and Investment Growth Act shall be recaptured . . . .

. . . .

(4) Any personal property tax that would have been due except for the exemption allowed under the Employment and Investment Growth Act, to the extent *it becomes due* under subdivision(2)(a) of this section, shall be considered an *underpayment* of such tax and *shall be immediately due and payable* to the county in which the property is located.

(5) Notwithstanding any other limitations contained in the laws of this state, collections of any taxes deemed to be underpayments by this section shall be allowed for a period of ten years after the signing of the agreement or three years after the end of the entitlement period, whichever is later.

(Emphasis supplied.)

By its terms, § 77-4107 does not provide for the assessment of interest on recaptured underpayments. Section 77-4107(5), quoted above, which discusses the time limit for collecting "taxes deemed to be underpayments [under § 77-4107(4)]," makes no mention of interest on such underpayments. The term "interest" does not appear in the Act, except in § 77-4106(e) and Neb. Rev. Stat. § 77-4108.01 (Cum. Supp. 1998), both of which provide, inter alia, that interest is not allowable on certain refunds paid to taxpayers under the Act. Neither section is relevant to the instant appeal. Section 77-4108.01 is further inapplicable for the reason that it did not become operative until April 15, 1998. With respect to statutory meaning, the Act provides that "[a]ny term shall have the same meaning as used in Chapter 77, article 27." § 77-4103(1). "Underpayment" is not defined in article 27; however, Neb. Rev. Stat. § 77-2790(3) (Reissue 1996) states that "[i]f any taxpayer fails to pay all or any part of an installment of any tax due, he or she shall be deemed to have made an underpayment . . . ."

It has long been recognized in Nebraska that interest on a tax is in the nature of a penalty. *Tukey v. Douglas County*, 133 Neb. 732, 277 N.W. 57 (1938). In *Tukey*, the plaintiff sought a declaratory judgment that a statute waiving the interest on certain delinquent taxes was unconstitutional. In our opinion affirming the trial court's decision that the statute was constitu-

tional, we discussed the distinction between interest in general and interest on taxes. We stated:

> [I]t must be borne in mind that the various impositions made by legislative authority for failure to pay taxes when due, whether designated as interest, penalties, costs, or anything else, are in fact penalties and not debts, and are in reality no part of the tax. . . . ". . . 'In passing, it may be noted that when interest is charged on a delinquent tax it is not regarded as interest in the sense that it is a consideration for the forebearance of money, but it is deemed to be a penalty; and when interest, so called, is charged, it is sustained on the theory that it is a means to insure prompt payment of the tax and it is not a part of the tax. . . .' . . ."

133 Neb. at 734-35, 277 N.W. at 58 (quoting with approval *Livesay v. DeArmond*, 131 Or. 563, 284 P. 166 (1930), quoting *Colby v. City of Medford*, 85 Or. 485, 167 P. 487 (1917)). In *Tukey*, we further stated:

> *A tax is not a debt, and, as a result, does not bear interest, in the absence of a statute.* Clearly, if the collection of interest, costs or any other penalty is dependent upon the existence of a statute, such penalties cannot be collected if the statute has been repealed or a statute enacted that waives or remits them.

(Emphasis supplied.) 133 Neb. at 737, 277 N.W. at 59. See, also, *School District of the City of Omaha v. Adams*, 147 Neb. 1060, 1063, 26 N.W.2d 24, 26 (1947) (observing that "[i]nterest does not inhere in a tax as a legal incident" and that tax does not bear interest in absence of statute).

In our analysis of this case, we find no ambiguity in the language of § 77-4107, and we hold that the Act does not impose interest on personal property taxes recaptured under the Act where, as in this case, the application and Agreement were dated prior to January 1, 1988. By its terms, § 77-4107 does not impose the assessment of retroactive interest on the recaptured underpaid amounts. Instead, when requiring the repayment of such an underpaid personal property tax when "it becomes due" under § 77-4107(2)(a), § 77-4107(4) provides, inter alia, that if the taxpayer fails to comply with the terms of the agreement, the tax that "would have been due," except for the exemption of the

Act, "shall be immediately due and payable." The Act recognizes, by its use of the phrases "it becomes due," "would have been due," and "shall be immediately due and payable," that the taxes were not, in fact, due in the past and did not become due and payable until the project fell into recapture as determined by the Tax Commissioner.

The Act does not utilize "judicial jargon, technical terminology, or words with mysterious meaning," *State v. Turner*, 218 Neb. 125, 130, 354 N.W.2d 617, 621 (1984), which make comprehension of its terms beyond the grasp of ordinary intelligence. The Act is straightforward. The Act describes the payment as becoming due now, in the present, not as having been due in the past or past due. Nothing in § 77-4107 imposes interest on recaptured personal property taxes or suggests or implies a late or delinquent payment upon which the penalty of interest could logically be assessed in the absence of clear language that interest shall be imposed.

As further support for our conclusion that § 77-4107 does not provide for the retroactive assessment of interest on recaptured personal property taxes, we note that other, earlier enacted provisions in the Nebraska statutes, when discussing the "underpayment" of taxes, do specifically provide for interest on the underpaid amount. For example, Neb. Rev. Stat. § 57-717(2) (Reissue 1984), addressing the oil and gas severance tax, states:

> If the Tax Commissioner is not satisfied with the return or returns of the tax or the amount of tax required to be paid to the state by any person, he or she may compute and determine the amount required to be paid upon the basis of the facts contained in the return or returns or upon the basis of any information within his or her possession or which may come into his or her possession. One or more deficiency determinations of the amount due for one or more than one period may be made. *To the amount of the deficiency determination for each period shall be added a penalty equal to ten per cent thereof.* In making a determination, the Tax Commissioner may offset overpayments for any period, together with interest on the overpayments, against underpayments for any period, against penalties, and *against interest on the underpayments. The interest on*

*underpayments and overpayments shall be computed in the manner set forth in this section.*

(Emphasis supplied.) We also observe that Neb. Rev. Stat. § 77-2709(1) (Reissue 1986), concerning sales and use taxes, contains language similar to § 57-717(2) quoted above.

In determining the meaning of a statute, the applicable rule is that when the Legislature enacts a law affecting an area which is already the subject of other statutes, it is presumed that it did so with full knowledge of the preexisting legislation. *White v. State*, 248 Neb. 977, 540 N.W.2d 354 (1995). Although the Legislature provided for interest on underpaid taxes in other, earlier adopted enactments in the tax area, when it enacted the Act in question, the Legislature did not provide in § 77-4107 for the imposition of retroactive interest on underpayments. It will be presumed that the Legislature knowingly did not so provide; and even if by oversight, it is not the office of this court to legislate into existence interest on recaptured personal property taxes where none is required under the language of the Act.

As we have observed, interest imposed on an unpaid tax is a penalty. Statutes imposing penalties are to be strictly construed. *Misle v. Miller*, 176 Neb. 113, 125 N.W.2d 512 (1963). We have stated: "Since a penalty statute is to be strictly construed, the courts will not interpolate conditions omitted by the Legislature or extend the language used by implication. The courts must assume that the Legislature intended to do what it did." *Bachus v. Swanson*, 179 Neb. 1, 4, 136 N.W.2d 189, 192 (1965). Faced with legislative silence in § 77-4107 regarding the imposition of interest on recaptured personal property taxes, we will not "supply that which is not there," *State v. Woods*, 255 Neb. 755, 764, 587 N.W.2d 122, 128 (1998), and we, therefore, conclude that § 77-4107 does not authorize the imposition of interest on personal property taxes recaptured under that section.

Despite the absence of authority in § 77-4107 to impose interest, Nuernberger and Lancaster County would have this court interpret § 45-104.01, which specifies the interest rates to be assessed on delinquent taxes, as requiring the imposition of interest upon the personal property tax recaptured in this case under § 77-4107. We do not agree with the interpretation of § 45-104.01 urged by Nuernberger and Lancaster County.

Section 45-104.01 provides as follows: "Unless otherwise specifically provided, the interest rate assessed on delinquent payments of any taxes or special assessments owing to any political subdivision of the State of Nebraska shall be assessed at a rate of fourteen percent per annum." This statutory provision does not mandate the assessment of interest on delinquent taxes; rather, it sets the rate at which such interest will be assessed. Further, § 45-104.01 provides for the assessment of interest upon "delinquent" taxes, and as stated above, nowhere within § 77-4107 is the recaptured tax identified as "delinquent." The recaptured tax under § 77-4107(4) is considered "immediately due and payable," thereby indicating the taxes have become presently due, are not past due, and are not delinquent.

In support of the argument that interest should be imposed on the personal property tax recaptured under § 77-4107, Nuernberger and Lancaster County refer this court to portions of the Act's legislative history. In order for this court to inquire into a law's legislative history, the statute in question must be open to construction, and a statute is open to construction when its terms require interpretation or may reasonably be considered ambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997). In the absence of ambiguity, courts must give effect to statutes as they are written. *Id.* If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. We determine that § 77-4107 is unambiguous and that therefore, it is unnecessary to resort to the Act's legislative history as an aid to its interpretation.

As additional support for the proposition that retroactive interest can be imposed upon recaptured personal property taxes pursuant to § 77-4107, Nuernberger and Lancaster County refer this court to Revenue Ruling 29-93-1, issued by the Tax Commissioner on February 12, 1993, after the initial passage of L.B. 775 and after the Agreement was entered into on September 1, 1987. The revenue ruling provides, in summary, that personal property taxes exempted pursuant to the Act may not be paid until the taxpayer requests an amendment to the project agreement or the project has fallen into recapture. According to the revenue ruling, interest accrues on the recaptured personal property taxes from the date the taxes would have been due had they

not been exempt. Contrary to the arguments of Nuernberger and Lancaster County, we determine that this revenue ruling is nei-ther instructive nor applicable to the instant case.

First, the meaning of a statute is a question of law, and a reviewing court is obligated to reach its conclusions independent of the determination made by the administrative agency. *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995) (citing *Sunrise Country Manor v. Neb. Dept. of Soc. Servs.*, 246 Neb. 726, 523 N.W.2d 499 (1994)). Second, while we agree that an administrative agency's interpretation of a statute may be helpful to this court when reaching its independent conclusion concerning the meaning of a statute, this court has long held: "'Resort to contemporaneous construction of a statute by administrative bodies is neither necessary nor proper where the language used is clear, or its meaning can be ascertained by the use of intrinsic aids alone.'" *City of Lincoln v. First Nat. Bank*, 146 Neb. 221, 229, 19 N.W.2d 156, 160 (1945) (quoting *Miller v. Iowa-Nebraska Light & Power Co.*, 129 Neb. 757, 262 N.W. 855 (1935)). Accord *Vanous v. City of Omaha*, 148 Neb. 685, 28 N.W.2d 560 (1947). As stated above, we find no ambiguity in the statute and, therefore, no need to resort to the construction of the statute given by the Tax Commissioner. Third, Nuernberger and Lancaster County claim the revenue ruling is applicable to this case because it was issued pursuant to the Tax Commissioner's authority as contained in Neb. Rev. Stat. § 77-4111 (Cum. Supp. 1988) to "adopt and promulgate all rules and regulations necessary to carry out the purposes of the Employment and Investment Growth Act." However, § 77-4111 was added to the Act in 1988, after the date the Agreement was signed, and Neb. Rev. Stat. § 77-4112(1) (Reissue 1996) specifically provides that "[f]or all applications filed prior to January 1, 1988, the provisions of the Employment and Investment Growth Act as they existed immediately prior to such date shall apply." Thus, at the time Ameritas filed its application, the terms of the Act did not empower the Tax Commissioner to issue rules and regulations and the Act did not impose interest on personal property taxes recaptured under § 77-4107. An amendment to a statute that affects substantive rather than procedural rights has no retroactive effect. *Jackson v. Branick Indus.*, 254 Neb. 950,

581 N.W.2d 53 (1998) (stating that principle is well established that statute covering substantive matters in effect at time of occurrence governs, not later-enacted statutes). In view of the above, we do not rely on Revenue Ruling 29-93-1, nor is it applicable to the facts of this case.

### CONCLUSION

We conclude that the language of § 77-4107 is unambiguous. We conclude that the provisions of neither § 77-4107 nor § 45-104.01 provide for the imposition of interest on personal property taxes recaptured pursuant to § 77-4107 in this case in which the application was filed prior to January 1, 1988, and the Agreement dated September 1, 1987.

Having considered the statutes in question in accordance with our obligation to reach an independent conclusion irrespective of that of the trial court, we affirm the trial court's order in this declaratory judgment action granting the summary judgment motion of Ameritas and entering orders accordingly.

AFFIRMED.