ROGER D. AND CAROLE ANNE SACK, APPELLANTS,
v. STATE OF NEBRASKA ET AL., APPELLEES.
610 N.W. 2d 385

Filed May 12, 2000.    No. S-99-326.

Frank J. Reida and Kent O. Littlejohn, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

This case involves the denial of an income tax refund claimed by Roger D. and Carole Anne Sack. The Sacks' failure to timely protest a proposed assessment of a deficiency resulted in the proposed assessment becoming a final assessment. After paying the final assessment, the Sacks filed a petition against the State of Nebraska, the Nebraska Department of Revenue, and the Nebraska State Tax Commissioner (collectively the Department) in the district court for Lancaster County, seeking a tax refund pursuant to Neb. Rev. Stat. § 77-2798 (Reissue 1996). The Department demurred to the Sacks' petition on the grounds that it failed to state sufficient facts to constitute a cause of action and, in the alternative, that the district court was without subject matter jurisdiction over the action. The district court sustained the Department's demurrer on both grounds, and the Sacks timely appealed. Because we hold that the exclusive remedy to contest an income tax deficiency assessment is the filing of a

written protest with the Tax Commissioner within 90 days of the date of the mailing of the proposed assessment, under Neb. Rev. Stat. §§ 77-27,127 and 77-27,128 (Reissue 1996), the district court correctly determined that it was without subject matter jurisdiction over the matter. We dismiss the Sacks' appeal.

## FACTUAL BACKGROUND

In 1997, the Department completed an audit of the Sacks' joint 1995 Nebraska individual income tax return in which the Sacks attempted to avail themselves of the Nebraska special capital gains tax deduction. As a result of that audit, the Department disallowed the special capital gains deduction and issued a "Notice of Deficiency Determination" in the amount of $95,254. The notice informed the Sacks that they could protest the proposed deficiency within 90 days of July 16, 1997, the date of the notice. That same notice also stated that if no protest was filed, the proposed assessment would become final and the amount of the deficiency would become due and payable.

The Sacks filed a protest of the proposed assessment of a deficiency, but subsequently admitted that their protest was untimely and requested that a scheduled hearing thereon be canceled. The protest was dismissed by the Department, the result of which was to cause the proposed assessment to mature into a final assessment. The Sacks then paid the final assessment.

After paying the assessment, the Sacks filed a 1995 amended individual income tax return on June 5, 1998, in which they claimed a refund of $95,254. The Sacks' claim for a refund was based on the Department's alleged "erroneous disallowance" of the special capital gains exclusion which resulted in the issuance of the deficiency determination. By letter dated September 11, 1998, the Tax Commissioner denied the Sacks' claim for a refund, stating that the "subject of [the] amended return [was] the same as the deficiency which [the Sacks] failed to timely protest" and that the "protest procedure [was] the exclusive method" by which the Sacks could contest the deficiency.

On October 9, 1998, the Sacks filed a petition in the district court for Lancaster County, purporting to appeal the Department's denial of their claim for a refund pursuant to § 77-2798. The Department demurred to the petition, asserting

that the petition failed to state a cause of action and, in the alternative, that the district court did not have subject matter jurisdiction over the Sacks' action. The district court concluded that the protest procedure was the exclusive method by which the Sacks could have protested the proposed assessment and sustained the Department's demurrer on both grounds. The Sacks timely appealed, and we moved the case to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENT OF ERROR

The Sacks assert, restated and summarized, that the district court erred when it sustained the Department's demurrer and dismissed their petition based upon its finding that the protest procedure was the exclusive method by which they could protest the subject matter of their claim for a refund.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Phelps Cty. Bd. of Equal. v. Graf*, 258 Neb. 810, 606 N.W.2d 736 (2000). In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id.*

## ANALYSIS

The Sacks assert that the district court erred in concluding that the protest procedure was the exclusive procedure by which they could contest the proposed assessment of a deficiency. The Sacks argue that § 77-2798 provides an avenue through which they can appeal the Department's denial of their claim for a refund because once the proposed assessment of a deficiency became final, the instant case no longer involved a " 'proposed assessment of a deficiency' " excluded by § 77-2798. Brief for appellants at 14. The applicable statutes do not support the Sacks' argument.

The initial determination in the instant case is whether the district court properly concluded that it lacked subject matter

jurisdiction over the matter raised by the Sacks' petition. When a jurisdictional question does not involve a factual dispute, its determination is a question of law which requires an appellate court to reach a conclusion independent from that of the trial court. *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999); *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). We must therefore independently determine whether the district court had jurisdiction over the Sacks' claim for a refund.

Our determination of jurisdiction originates in § 77-2798, the statute under which the Sacks filed their claim for a refund. Section 77-2798 provides:

> *Except in cases involving the proposed assessment of a deficiency*, any taxpayer who claims that the income tax he has paid under the Nebraska Revenue Act of 1967 is void in whole or in part, may bring an action, upon the grounds set forth in his claim for refund, against the Tax Commissioner for recovery of the whole or any part of the amount paid. Such suit against the Tax Commissioner may be instituted in a district court of Nebraska of appropriate jurisdiction where the taxpayer resides or in the district court of Lancaster County.

(Emphasis supplied.)

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Id.*; *Ameritas Life Ins. v. Balka*, 257 Neb. 878, 601 N.W.2d 508 (1999). Our inquiry therefore begins, and ends, with the language of § 77-2798.

The language of § 77-2798 is clear. An aggrieved taxpayer may seek relief in the district court by filing a petition in which she or he alleges that any portion of the tax she or he has paid is void, "[e]xcept in cases involving the proposed assessment of a deficiency . . . ." The instant case is within the exception specifically contained on the face of the statute, and the district court properly determined that the ultimate maturation of the pro-

posed assessment into a final assessment was of no consequence.

The Sacks argue that once the proposed assessment of a deficiency became final, their case no longer involved a "proposed assessment of a deficiency" and was therefore not precluded by § 77-2798. The Sacks' final assessment, however, is the result of the proposed assessment of a deficiency which the Sacks failed to timely protest. The Sacks had the opportunity to prevent the proposed assessment from becoming final by filing a timely protest, but they failed to do so. In other words, the Sacks would have no claim for a refund had they not received the proposed assessment of a deficiency; logically, the instant case involves the proposed assessment of a deficiency.

It is well established that the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999). Statutes relating to the same subject matter are to be construed together so as to maintain a consistent and sensible scheme. *Pittman v. Sarpy Cty. Bd. of Equal.*, 258 Neb. 390, 603 N.W.2d 447 (1999); *Central States Found. v. Balka, supra*. Construction of a statute will not be adopted which has the effect of nullifying or repealing another statute. *Pittman v. Sarpy Cty. Bd. of Equal., supra*. Our conclusion is supported by considering § 77-2798 in the larger context of the Nebraska Revenue Act of 1967. See Neb. Rev. Stat. § 77-2701 (Cum. Supp. 1998).

Section 77-27,128 clearly provides that the exclusive remedy available to any taxpayer for the review of the action of the Tax Commissioner in respect to an assessment of a proposed deficiency is to be in accordance with § 77-27,127. Section 77-27,127 provides that any final action of the Tax Commissioner may be appealed in accordance with the Administrative Procedure Act and that "no other legal or equitable proceedings shall issue to prevent or enjoin the assessment or collection of any tax imposed under the Nebraska Revenue Act of 1967." As previously explained, the Sacks' failure to timely protest the proposed assessment caused it to mature into

a final assessment. The Nebraska Revenue Act of 1967 provides that the final assessment resulting from a proposed assessment of a deficiency is properly appealable only under §§ 77-27,127 and 77-27,128.

The Sacks' proposed interpretation of § 77-2798 has the effect of nullifying §§ 77-27,127 and 77-27,128. Section 77-2798 simply does not allow a taxpayer who receives a proposed assessment of a deficiency to avoid the exclusivity of §§ 77-27,127 and 77-27,128 by not filing a protest and allowing the proposed assessment to mature into a final assessment, for which the taxpayer may then seek a refund under § 77-2798. Thus, we hold that the exclusive remedy to contest an income tax deficiency assessment is the filing of a written protest with the Tax Commissioner within 90 days of the date of the mailing of the proposed assessment of a deficiency. If a timely protest is not filed by the taxpayer, the proposed assessment becomes final.

Since the Sacks' claim for a refund does involve a proposed assessment of a deficiency and the Sacks did not pursue the exclusive remedy provided to them by statute, the district court correctly determined that it was without subject matter jurisdiction to decide the merits of the Sacks' petition.

## CONCLUSION

When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim. *Armour v. H.L., ante* p. 138, 608 N.W.2d 599 (2000). Because the district court lacked subject matter jurisdiction over the cause, we likewise lack jurisdiction and dismiss the Sacks' appeal.

APPEAL DISMISSED.